# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| IN RE: HCA HEALTHCARE, INC. DATA SECURITY LITIGATION | Case No. 3:23-cv-00684<br><br>Judge Jack Zouhary |

## UNOPPOSED MOTION FOR LEAVE TO FILE <u>EXHIBIT F</u> OF THE PARTIES' SETTLEMENT AGREEMENT AND RELEASE UNDER SEAL

Pursuant to Local Rule 7.01, Plaintiffs, Gregory Crossman, Arthur Dekenipp, Mary Elena Del Vecchio, Carina Gutierrez, Kelsey Hinds, J.B. (a minor, through his guardian/mother, J.N.), Deborah Jordan, Gregory Marcisz, Paula Menard, Gary Silvers, Linda Simon, Michael Tighe, Colleen Walters, Jared Terrell Watkins, and Justin Taylor Womack ("Plaintiffs"), individually and on behalf of all others similarly situated, hereby move this Court for leave to file **Exhibit F** of the Parties' Settlement Agreement and Release ("Settlement Agreement") under seal. The Settlement Agreement is attached as Exhibit 1 to Plaintiffs' Unopposed Motion For Preliminary Approval. In support of this Motion, Plaintiffs state as follows:

1. On May 2, 2025, Plaintiffs and Defendant HCA Healthcare, Inc. ("HCA") (together "Parties") entered into a Settlement Agreement and Release in order to fully and finally resolve and settle any and all claims that are, were, or could have been asserted in the litigation styled *In re: HCA Healthcare, Inc. Data Security Litigation*, No. 3:23-cv-00684 (M.D. Tenn.) ("Settlement Agreement").

2. Pursuant to Section 2.1 of the Settlement Agreement, the Parties agreed that HCA shall "adopt, implement, and/or maintain the security commitments designed to prevent similar data incidents set forth in **Exhibit F**…for a period of at least two years from the Effective Date."

3. Section 2.2 of the Settlement Agreement states that:

> To the extent permitted by the Court, **Exhibit F** may be filed under seal to the extent HCA determines that it contains sensitive information about HCA's cybersecurity practices that could harm HCA, HCA patients, and Settlement Class Members if made public. The Parties agree to keep confidential any matters relating to the security commitments described in **Exhibit F** to the extent it is filed under seal, and not to disclose such matters to any other person or entity, pursuant to Section 14.1 of the Parties' Settlement Agreement.

4. Contemporaneously with this Motion, Plaintiffs are filing their Motion for Preliminary Approval of the Settlement, which includes a copy of the Settlement Agreement (including a redacted version of **Exhibit F**).

5. Prior to filing the Motion for Preliminary Approval of the Settlement, HCA's counsel stated that HCA has in fact determined, in good faith, that **Exhibit F** contains sensitive information about HCA's cybersecurity practices that, if made public, could harm HCA, HCA's patients and/or Plaintiffs and other members of the Settlement Class.

6. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, this Court has broad discretion to seal documents to protect "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G).

7. Given the very nature of this litigation, the Parties believe that there are compelling reasons to seal **Exhibit F**. The contents of **Exhibit F** set forth enhanced cybersecurity measures as a means by which HCA will further bolster its information security programs. Making this information public could permit criminal actors to use this information to harm HCA, its patients,

2

Plaintiffs and members of the Settlement Class. *See In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 326 (N.D. Cal. 2018) (finding that "if specific information regarding Anthem's cybersecurity practices were disclosed, this could allow cyber attackers greater opportunity to defeat these defenses and substantially harm both Anthem and putative class members," holding that "disclosing specific funding levels could allow Anthem's competitors to have an advantage over Anthem in providing cybersecurity services.").

8. Such improper and criminal use would certainly cause HCA and others to potentially suffer a clearly defined and serious injury if these materials are not sealed. *See Kentucky v. Marathon Petroleum Co.*, 2018 WL 3130945, at *5 (W.D. Ky. June 26, 2018). The Parties' interest in protecting this information outweighs any public interest in its disclosure. *See id.*; *Anthem*, 327 F.R.D. at 326 (overruling objections and "reiterat[ing] that compelling reasons support sealing the identified material in the Settlement Agreement")

9. The Parties are narrowly tailoring their request to seal. To that end, Plaintiffs are publicly filing 70 pages of the 72-page Settlement Agreement and only redacting **Exhibit F**, which is two pages.

For the foregoing reasons, the Parties request that this Motion for Leave to Seal **Exhibit F** of the Settlement Agreement be granted.

DATED: May 5, 2025                              Respectfully submitted,

*/s/ J. Gerard Stranch, IV*
J. Gerard Stranch, IV
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel: (615) 254-8801
gstranch@stranchlaw.com

Jean S. Martin
**MORGAN & MORGAN COMPLEX**
**LITIGATION GROUP**
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Tel: (813) 559-4908
jeanmartin@forthepeople.com

*Co-Lead Counsel for Plaintiffs and the Putative Class*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was electronically filed on May 5, 2025, using the Court's Electronic Filing System, which will send a Notice of Electronic Filing to counsel in the CM/ECF system. All counsel of record will also be notified via e-mail.

*/s/ J. Gerard Stranch, IV*
J. Gerard Stranch, IV (BPR 23045)