# EXHIBIT 1

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| IN RE: HCA HEALTHCARE, INC. | ) | NO. 3:23-cv-00684 |
| DATA SECURITY LITIGATION | ) | |
| | ) | JUDGE ZOUHARY |
| | ) | MAGISTRATE JUDGE FRENSLEY |

### SETTLEMENT AGREEMENT AND RELEASE

Docusign Envelope ID: 1BBE1DF8-5C4B-4459-B0BA-AAE994AF0E01

## TABLE OF CONTENTS

Exhibit List ............................................................................................................. 3

SETTLEMENT AGREEMENT AND RELEASE ................................................. 4

RECITALS ............................................................................................................ 4

1. DEFINITIONS ............................................................................... 6
2. SECURITY COMMITMENTS ..................................................... 10
3. ADDITIONAL SETTLEMENT BENEFITS ................................ 11
4. PRELIMINARY APPROVAL ...................................................... 12
5. NOTICE PLAN, OBJECTIONS, AND OPT-OUTS ..................... 13
6. DUTIES OF SETTLEMENT ADMINISTRATOR ........................ 14
7. SERVICE AWARD ...................................................................... 16
8. ATTORNEYS' FEES, COSTS, AND EXPENSES ....................... 16
9. MUTUAL RELEASES .................................................................. 17
10. EFFECTIVE DATE AND TERMINATION ................................. 18
11. NO ADMISSION OF WRONGDOING OR LIABILITY ............... 20
12. REPRESENTATIONS ................................................................. 20
13. NOTICE ....................................................................................... 21
14. CONFIDENTIALITY ................................................................... 22
15. MISCELLANEOUS PROVISIONS .............................................. 22

## Exhibit List

Claim Form ............................................................................................................. Exhibit A

Email Notice........................................................................................................... Exhibit B

Long Form Notice................................................................................................... Exhibit C

[Proposed] Preliminary Approval Order................................................................. Exhibit D

[Proposed] Final Approval Order and Judgment ................................................... Exhibit E

Security Commitments............................................................................................ Exhibit F

Docusign Envelope ID: 1BBE1DF8-5C4B-4459-B0BA-AAE994AF0E01

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement" or "Agreement") is made as of May 2, 2025, by and between, as hereinafter defined, (a) Settlement Class Representatives Gregory Crossman, Arthur Dekenipp, Mary Elena Del Vecchio, Carina Gutierrez, Kelsey Hinds, J.B. (a minor, through his guardian/mother J.N.), Deborah Jordan, Gregory Marcisz, Paula Menard, Gary Silvers, Linda Simon, Michael Tighe, Colleen Walters, Jared Terrell Watkins, and Justin Taylor Womack (collectively, "Plaintiffs" or the "Settlement Class Representatives"), individually and on behalf of the Settlement Class defined below of similarly situated persons, and (b) Defendant HCA Healthcare, Inc. (hereinafter "HCA"), collectively, the "Parties." This Agreement fully and finally resolves and settles any and all claims that are, were, or could have been asserted in the litigation styled *In re: HCA Healthcare, Inc. Data Security Litigation*, Case No. 3:23-cv-00684 (M.D. Tenn.).

## RECITALS

WHEREAS, on July 10, 2023, HCA announced that it had been the target of a criminal cyberattack in which the attackers accessed and stole information from an external storage location used to automate the formatting of email messages (the "Data Incident").

WHEREAS, as a result of the Data Incident, 27 putative class action lawsuits were filed against HCA, alleging that HCA had inadequate data security practices and failed to properly safeguard affected patients' information.

WHEREAS, those actions were consolidated before the Honorable Jack Zouhary in the United States District Court for the Middle District of Tennessee.

WHEREAS, on December 20, 2023, the Court appointed Jean Martin of Morgan & Morgan Complex Litigation Group and J. Gerard Stranch, IV of Stranch, Jennings & Garvey, PLLC as co-lead counsel for Plaintiffs ("Lead Counsel").

WHEREAS, on January 3, 2024, after consultation with Lead Counsel, the Court appointed a supporting Executive Committee for Plaintiffs comprised of Jillian Dent of Steve Siegel Hanson LLP, Sabita Soneji of Tycko & Zavareei LLP, Gary Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC, Jeffrey Ostrow of Kopelowitz Ostrow Ferguson Weiselberg Gilbert P.A., and James Pizzirusso of Hausfeld LLP (collectively, the "Executive Committee").

WHEREAS, on February 2, 2024, Plaintiffs filed a consolidated class action complaint.

WHEREAS, on April 3, 2024, Plaintiffs filed a corrected consolidated class action complaint.

WHEREAS, on April 4, 2024, HCA moved to dismiss the consolidated class action complaint.

WHEREAS, on April 10, 2024, Plaintiffs voluntarily dismissed Count XV of the consolidated class action complaint, without prejudice as to Plaintiffs individually and all unnamed members of the proposed class.

WHEREAS, on August 15, 2024, the Court granted in part and denied in part HCA's motion to dismiss the consolidated class action complaint, dismissing Counts II–VIII of the consolidated class action complaint, and denying the motion as to Plaintiffs' remaining claims.

WHEREAS, on September 4, 2024, the Court held a Zoom Status Conference with the Parties.

WHEREAS, following the September 4, 2024 Zoom Status Conference and with the benefit of the Court's ruling on HCA's Motion to Dismiss, the Parties engaged in discussions regarding an informal schedule for the voluntary exchange of information to facilitate potential settlement discussions and mediation, and subsequently exchanged information regarding, *inter alia*, the mechanics and details of the Data Incident, the affected data, Plaintiffs' claimed damages, and HCA's defenses.

WHERAS, the Parties engaged in an arm's-length, Zoom mediation session on February 19, 2025, facilitated by Robert A. Meyer Esq. of JAMS (the "Mediator").

WHEREAS, following the February 19, 2025 mediation, the Parties also engaged in additional communications in furtherance of settlement, including the negotiation and finalization of a proposed notice plan and settlement term sheet.

WHEREAS, HCA denies any wrongdoing whatsoever, and this Agreement shall in no event be construed or deemed to be evidence of or an admission or concession on the part of HCA with respect to any claim of any fault or liability or wrongdoing or damage whatsoever, any infirmity in the defenses that HCA has asserted or would assert, or any requirements of Federal Rule of Civil Procedure 23 or whether Plaintiffs satisfy those requirements.

WHEREAS, based upon their substantial investigation and information exchange as set forth above, Lead Counsel and the Executive Committee have concluded that the terms and conditions of this Agreement are fair, reasonable and adequate to Settlement Class Representatives and Settlement Class Members (defined below) and are in their best interests, and have agreed to settle the claims that were asserted or could have been asserted in the above-captioned litigation pursuant to the terms and provisions of this Agreement after considering: (a) the substantial benefits that Settlement Class Members will receive from the Settlement; (b) the uncertain outcome and attendant risks of litigation; (c) the delays inherent in litigation; and (d) the desirability of permitting the settlement of this litigation to be consummated as provided by the terms of this Agreement.

WHEREAS, it is the intention of the Parties to resolve the disputes and claims which they have between them on the terms set forth below.

NOW, THEREFORE, in consideration of the promises, covenants, and agreements herein described and for other good and valuable consideration acknowledged by each of them to be

Docusign Envelope ID: 1BBE1DF8-5C4B-4459-B0BA-AAE994AF0E01

satisfactory and adequate, and intending to be legally bound, the Parties do hereby mutually agree, as follows:

## 1. DEFINITIONS

As used in this Agreement, the following terms shall be defined as follows:

1.1 **"Action"** means the consolidated action captioned *In re: HCA Healthcare, Inc. Data Security Litigation*, Case No. 3:23-cv-00684, pending in the United States District Court for the Middle District of Tennessee.

1.2 **"Administrative Expenses"** means all of the expenses incurred by the Settlement Administrator in the administration of this Settlement, including, without limitation, all expenses or costs associated with the Notice Plan and providing Notice to the Settlement Class. Administrative Expenses also include all reasonable third-party fees and expenses incurred by the Settlement Administrator in administering the terms of this Agreement.

1.3 **"Agreement"** or **"Settlement Agreement"** means this Settlement Agreement, including all exhibits.

1.4 **"Approved Claim(s)"** means a claim as evidenced by a Claim Form submitted by a Settlement Class Member that is (a) timely and submitted in accordance with the directions on the Claim Form and the terms of this Agreement; (b) is physically signed or electronically verified by the Settlement Class Member; (c) satisfies the conditions of eligibility for a Settlement Benefit as set forth herein; and (d) has been approved by the Settlement Administrator.

1.5 **"Business Days"** means Monday, Tuesday, Wednesday, Thursday, and Friday, excluding holidays observed by the federal government.

1.6 **"Claimant"** means a Settlement Class Member who submits a Claim Form for a Settlement Benefit.

1.7 **"Claim Form**" means the form attached hereto as Exhibit A, as approved by the Court. The Claim Form must be submitted physically (via U.S. Mail) or electronically (via the Settlement Website) by Settlement Class Members who wish to file a claim for a Settlement Benefit pursuant to the terms and conditions of this Agreement. The Claim Form shall be available for download from the Settlement Website. The Settlement Administrator shall mail a Claim Form, in hardcopy form, to any Settlement Class Member who so requests.

1.8 **"Claims Deadline"** means the date by which all Claim Forms must be received to be considered timely and shall be set as the date 90 days after the Notice Date. The Claims Deadline shall be clearly set forth in the Long Form Notice, the Summary Notice, the Claim Form, and the Court's order granting Preliminary Approval.

1.9 **"Claims Period"** means the period of time during which Settlement Class Members may submit Claim Forms to receive their given share of the Settlement Benefits and shall commence on the Notice Date and shall end on the date 90 days thereafter.

1.10 **"Court"** means the Action, which is presided over by Judge Jack Zouhary of the Northern District of Ohio.

1.11 **"Credit Monitoring and Insurance Services"** and **"CMIS"** means the credit monitoring and identity theft protection services to be provided to Class Members who select such services on their Claim Form, and as further described in Section 3.1(a) below.

1.12 **"Data Incident"** refers to the criminal attack that HCA announced on or about July 10, 2023, in which attackers accessed and stole information from an external storage location used to automate the formatting of email messages.

1.13 **"Documented Loss"** refers to documented, monetary losses incurred by a Settlement Class Member, and which specifically involve (a) an actual, documented, and unreimbursed monetary expense or loss; (b) that was more likely than not caused by the Data Incident; and (c) where the claimant made reasonable efforts to avoid or seek reimbursement for, the loss. Documented Loss must be supported by Reasonable Documentation that a Settlement Class Member actually incurred unreimbursed losses and/or out-of-pocket expenses and are subject to review and approval by the Settlement Administrator.

1.14 **"Effective Date"** means the date upon which the Settlement contemplated by this Agreement shall become effective as set forth in Section 10.

1.15 **"Executive Committee"** means Jillian Dent of Stueve Siegel Hanson LLP, Sabita Soneji of Tycko & Zavareei LLP, Gary Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC, Jeffrey Ostrow of Kopelowitz Ostrow Ferguson Weiselberg Gilbert P.A., and James Pizzirusso of Hausfeld LLP.

1.16 **"Final Approval Hearing"** means the hearing to be conducted by the Court to determine the fairness, adequacy, and reasonableness of the Settlement pursuant to Federal Rule of Civil Procedure 23 and whether to issue the Final Approval Order and Judgement.

1.17 **"Final Approval Order and Judgment"** means an order and judgment that the Court enters after the Final Approval Hearing, which finally approves the Settlement and dismisses the claims against HCA with prejudice and without material change to the Parties' agreed-upon proposed final approval order and judgment attached hereto as Exhibit E.

1.18 **"HCA"** means HCA Healthcare, Inc. and is a company incorporated in Delaware, with its principal place of business in Nashville, Tennessee, and which is named as the defendant in the Action.

1.19    "**Lead Counsel**" means Jean Martin of Morgan & Morgan Complex Litigation Group and J. Gerard Stranch, IV of Stranch, Jennings & Garvey, PLLC.

1.20    "**Notice**" means notice of the proposed class action settlement to be provided to Settlement Class Members pursuant to the Notice Plan approved by the Court in connection with preliminary approval of the Settlement, as further described below.

1.21    "**Notice Date**" means forty-five (45) days after the Preliminary Approval Order when notice is to be disseminated to the Class.

1.22    "**Notice Plan**" means the settlement notice program described below and as shown in Exhibits B - C, or as otherwise ordered by the Court.

1.23    "**Parties**" means the Settlement Class Representatives, on behalf of themselves and the Settlement Class, and HCA.

1.24    "**Preliminary Approval Order**" means an order by the Court that preliminarily approves the Settlement (including but not limited to the forms and procedure for providing Notice to the Settlement Class), directs Notice to the proposed Settlement Class, establishes a procedure for Settlement Class Members to object to or request exclusion from the Settlement, and sets a date for the Final Approval Hearing, without material change to the Parties' agreed-upon proposed preliminary approval order attached hereto as Exhibit D.

1.25    "**Publication Notice**" means a social media or other public media campaign designed to inform Class Members for whom HCA does not have email addresses or phone numbers. If the Settlement Administrator or the Court determines that Publication Notice is needed, the Publication Notice shall be mutually agreed upon by Class Counsel and HCA.

1.26    "**Reasonable Documentation**" means documentation supporting a claim for Documented Loss, including, but not limited to, credit card statements, bank statements, invoices, telephone records, and receipts. Documented Loss costs cannot be documented solely by a personal certification, declaration, or affidavit from the Claimant; a Settlement Class Member must provide independent supporting documentation from a third-party (i.e., not self-created).

1.27    "**Released Claim**" means any claim, liability, right, demand, suit, obligation, damage, including consequential damage, loss or cost, punitive damage, attorneys' fee and cost, action or cause of action, of every kind or description—whether known or Unknown (as the term "Unknown Claims" is defined herein), suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, legal, statutory, or equitable—that is released pursuant to the mutual releases set forth in Section 9.

1.28    "**Security Commitments**" means the cybersecurity commitments contained in Exhibit F.

8

1.29    "**Service Award**" means the amount awarded by the Court and paid to each Settlement Class Representative in recognition of their roles in this litigation, as set forth in Section 7.

1.30    "**Settlement**" means the settlement of the Action by and between the Parties, and the terms thereof as stated in this Settlement Agreement.

1.31    "**Settlement Administrator**" means Kroll Settlement Administration LLC. Lead Counsel and HCA may, by agreement, substitute a different Settlement Administrator, subject to Court approval.

1.32    "**Settlement Benefit(s)**" means a payments for an approved Documented Loss, the Credit Monitoring and Insurance Services, the security commitments set forth in this Agreement, and any other benefits Settlement Class Members receive pursuant to this Agreement, including non-monetary benefits and relief, the Fee Award and Costs, and Administrative Expenses.

1.33    "**Settlement Class**" or "**Class**" means those Persons certified as a class for settlement purposes under Federal Rule of Civil Procedure 23(b)(2), 23(b)(3) and 23(e), consisting of all current HCA patients residing in the United States whose personal information was compromised in the Data Incident. Excluded from the Settlement Class: (i) HCA's officers, directors, legal representatives, successors, subsidiaries, and assigns; and (ii) any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

1.34    "**Settlement Class Representatives**" means Gregory Crossman, an individual and Florida resident; Arthur Dekenipp, an individual and Texas resident; Mary Elena Del Vecchio, an individual and Florida resident; Carina Gutierrez, an individual and Texas resident; Kelsey Hinds, an individual and Kansas resident; J.B., a minor and Virginia resident; Deborah Jordan, an individual and Florida resident; Gregory Marcisz, an individual and California resident; Paula Menard, an individual and Texas resident; Gary Silvers, an individual and Florida resident; Linda Simon, an individual and Florida resident; Michael Tighe, an individual and Texas resident; Colleen Walters, an individual and Tennessee resident; Jared Terrell Watkins, an individual and Kentucky resident; and Justin Taylor Womack, an individual and Texas resident; who bring the above-captioned action on behalf of themselves and the purported class of affected individuals (hereinafter "**Settlement Class Members**").

1.35    "**Settlement Website**" means a website established by the Settlement Administrator to provide information about the Settlement. At a minimum, the following information shall be posted on the Settlement Website: (i) a copy of the Corrected Consolidated Class Action Complaint publicly available through PACER; (ii) a copy of the Settlement Agreement and any exhibits, including the Notice; and, (iii) after filing, Plaintiffs' Motion for Attorneys' Fees, Expenses, the Service Award, and Plaintiffs' Motion for Final Approval of the Settlement. The

9

Settlement Website, in addition to being in English, will contain translations in Spanish.

1.36  "**Unknown Claims**" means any and all Released Claims that HCA or the Settlement Class Representatives or Settlement Class Members do not know or suspect to exist in his, her, or its favor as of the Effective Date and which, if known by him, her, or it, might have materially affected his, her, or its decision(s) with respect to the Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that upon the Effective Date, HCA, the Settlement Class Representatives and Settlement Class Members shall have waived any and all provisions, rights, and benefits conferred by any law of any state of the United States, or principle of common law or otherwise, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Settlement Class Representatives and Lead Counsel acknowledge, and each Settlement Class Member by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the Settlement Agreement.

## 2.  SECURITY COMMITMENTS

2.1  HCA shall adopt, implement, and/or maintain the security commitments designed to prevent similar data incidents set forth in **Exhibit F**, attached hereto, for a period of at least two years from the Effective Date.

2.2  To the extent permitted by the Court, **Exhibit F** may be filed under seal to the extent HCA determines that it contains sensitive information about HCA's cybersecurity practices that could harm HCA, HCA patients, and Settlement Class Members if made public. The Parties agree to keep confidential any matters relating to the security commitments described in **Exhibit F** to the extent it is filed under seal, and not to disclose such matters to any other person or entity, pursuant to Section 14.1 of the Parties' Settlement Agreement.

2.3  The Parties recognize that cloud computing, cybersecurity, and other technological capabilities are constantly changing, often at a rapid pace. In the event that technological or industry developments, or intervening changes in law render any

of the provisions set forth in Exhibit F obsolete or make compliance by HCA with any provision unreasonable or technically impractical, HCA will provide notice to Lead Counsel within ten (10) days and propose a modification thereof. If the Parties reach a mutual agreement that the elimination or modification of a provision is appropriate, they may jointly petition the Court to eliminate or modify such provision. If the Parties fail to reach an agreement, HCA may petition the Court to eliminate or modify such provision. Under any circumstances, to the extent Lead Counsel believe that HCA is not complying with any of the provisions noted in this section, they will first meet and confer with HCA under the Local Rules for the Middle District of Tennessee prior to seeking relief from the Court.

3.  **ADDITIONAL SETTLEMENT BENEFITS**

3.1     Settlement Benefits: Each Class Member may qualify and submit a claim for one of the following:

   a.  Credit Monitoring and Insurance Services. One year of the Credit Monitoring and Insurance Services ("CMIS"). CMIS will include credit monitoring, fraud consultation, and identity theft restoration services. A Class Member who chooses CMIS as their respective Settlement Benefit and already maintains a credit monitoring service may elect to defer their enrollment in the CMIS for a period of 12 months for no additional charge. The CMIS will include the following services, among other features, to be provided to each Class Member who submits a valid claim for CMIS: (i) up to $1 million dollars of identity theft insurance coverage; and (ii) one-bureau credit monitoring providing notice of changes to the Class Member's credit profile.

   b.  Documented Loss Payment. Class Members may submit a claim for a Documented Loss Payment of up to $5,000. To receive Documented Loss Payment, a Class Member must choose to do so on their given Claim Form and submit to the Settlement Administrator the following: (i) a valid Claim Form electing to receive the Documented Loss Payment benefit; (ii) an attestation regarding any actual and unreimbursed Documented Loss; and (iii) Reasonable Documentation that demonstrates the Documented Loss to be reimbursed pursuant to the terms of the Settlement. If a Class Member does not submit Reasonable Documentation supporting a Documented Loss Payment claim, or if a Class Member's claim for a Documented Loss Payment is rejected by the Settlement Administrator for any reason, the Class member shall be provided with an opportunity to cure their claim and provide additional documentation, as directed by the Settlement Administrator.

3.2     Payment Methods: To the extent a Settlement Class Member qualifies for a Documented Loss Payment, the Class Member will be provided the option to receive payment pursuant to the terms of this Agreement via various digital methods. In the event Class Members do not exercise this option, they will receive their Documented Loss Payment via a physical check sent by U.S. Mail.

3.3    <u>Deadline to File Claims</u>. Claim Forms must be postmarked or received electronically within 90 days after the Notice Date.

3.4    <u>The Settlement Administrator</u>. The Settlement Administrator shall have the authority to determine whether a Claim Form is valid, timely, and complete, and to what extent a Claim Form is electing to receive a Documented Loss Payment. To the extent the Settlement Administrator determines a claim is deficient for a reason other than late posting, within 10 days of making such a determination, the Settlement Administrator shall notify the Claimant of the deficiencies and that Claimant shall have 30 days to cure the deficiencies and re-submit the claim. No notification is required for late-posted claims. The Settlement Administrator shall exercise reasonable discretion to determine whether the Claimant has cured the deficient claim. If the Claimant fails to cure the deficiency, the claim shall stand as denied and the Class Member shall be so notified. The Settlement Administrator shall provide all information gathered in investigating Claims, including but not limited to copies of all correspondence and all notes of the Settlement Administrator, the decision reached, and all reasons supporting the decision, if requested by Class Counsel or Defendant's Counsel. Additionally, Class Counsel and Defendant's Counsel shall have the right to inspect the Claim Forms and supporting documentation received by the Settlement Administrator at any time upon reasonable notice.

3.5    <u>Timing of Settlement Benefits</u>. Within 90 days after: (i) the Effective Date; or (ii) all Claim Forms have been processed subject to the terms and conditions of this Agreement, whichever date is later, the Settlement Administrator shall cause funds to be distributed to each Class Member who submitted a valid and approved claim for a Documented Loss Payment. Within 30 days of the Effective Date, the Settlement Administrator shall make best efforts to provide Class Members who selected CMIS with enrollment instructions for the CMIS.

3.6    <u>Deadline to Deposit or Cash Physical Checks</u>: Settlement Class Members with Approved Claims who receive a Documented Loss Payment by physical check, shall have 120 days following distribution to deposit or cash their benefit check

## 4.    PRELIMINARY APPROVAL

**4.1    By April 25, 2025, Settlement Class Representatives and Lead Counsel will file a motion for preliminary approval of the Settlement and Notice Plan with the Court.**

4.2    Lead Counsel shall apply to the Court for entry of the [Proposed] Preliminary Approval Order attached hereto as Exhibit D. The [Proposed] Preliminary Approval Order shall include approval of the form of notice to be provided to Settlement Class Members.

## 5.    NOTICE PLAN, OBJECTIONS, AND OPT-OUTS

12

5.1 Notice shall be disseminated pursuant to the Court's Preliminary Approval Order, which shall be proposed in accordance with this Section.

5.2 The Settlement Administrator is responsible for distributing and disseminating the Notice in accordance with this Notice Plan.

5.3 HCA shall provide the Settlement Administrator with the names and last known email addresses provided by Settlement Class Members to HCA, to the extent reasonably available, no later than ten (10) Business Days after the date on which the Court enters the Preliminary Approval Order. For any Settlement Class Member who has not provided HCA with an email address, HCA shall instead provide the Settlement Administrator with the names and last known phone number provided by such Settlement Class Member to HCA, to the extent reasonably available, no later than ten (10) Business Days after the date on which the Court enters the Preliminary Approval Order. HCA shall also cooperate with the Settlement Administrator to assist in verifying the identity of putative Settlement Class Members to whom emailed notice is not sent, but who respond to either Publication Notice and/or the Settlement Website.

5.4 Lead Counsel shall provide the Settlement Administrator with the names and last known email addresses of the Settlement Class Representatives and any other putative Settlement Class Member who has reported updated identifying information to Lead Counsel, no later than ten (10) Business Days after the date on which the Court enters the Preliminary Approval Order.

5.5 The Settlement Administrator shall ensure Notice is sent to the Class within forty-five (45) days of the entry of the Court's order granting preliminary approval. The Settlement Administrator shall send Email Notice to all Settlement Class Members for whom an email address is known. If an email address is not known, the Settlement Administrator shall attempt to ascertain an email address by performing a reverse lookup of the Class Members' phone number. If a valid email address is still not known, the Settlement Administrator shall work with HCA to determine usable contact information for the Settlement Class Member. If the successful reach of the Notice Plan falls below 90%, the Settlement Administrator shall implement a Publication Notice to be agreed upon by Settlement Class Counsel and HCA.

5.6 The Notice shall explain in plain language the procedure for Settlement Class Members to opt out and exclude themselves from the Settlement Class, as further defined in Section 5.8, *infra*.

5.7 The Notice shall explain the procedure for Settlement Class members to object to the Settlement, as further defined in Section 5.9, *infra*.

5.8 **Opt-Out Procedures:** Any Settlement Class Member may submit an opt-out by mailing such request in writing to the Settlement Administrator at the address set

forth in the Notice. To be valid, an opt out must be postmarked no later than sixty days after the Notice Date. The opt-out request shall (i) state the Settlement Class Member's full name and current address and signature, and (ii) specifically state their desire to be excluded from the Settlement and from the Settlement Class. Failure to comply with these requirements and to timely submit the Request for Exclusion will result in the Settlement Class Member being bound by the terms of the Settlement. Any Settlement Class Member who submits a timely opt-out may not make any objections to the Settlement and shall be deemed to have waived any rights or benefits under this Settlement Agreement.

5.9     **Objection Procedures**: Any Settlement Class Member may make an objection to the proposed Settlement. To be a valid objection, the objection must state: (i) the objector's full name and address; (ii) the case name and docket number – *In re HCA Healthcare, Inc. Data Security Litigation*, Case No. 3:23-cv-00684 (M.D. Tenn.); (iii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of the objector's settlement notice, copy of original notice of the Data Incident, the Class Members' unique ID as displayed on the Notice or obtained from the Settlement Administrator, or a statement explaining why the objector believes they are a Settlement Class Member); (iv) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (v) the identity of any and all counsel representing the objector in connection with the objection; (vi) a statement whether the objector and/or their counsel will appear at the Final Approval Hearing; and (vii) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (if any) representing them in connection with the objection. To be timely, written notice of an objection in the appropriate form must be mailed, with a postmark date no later than sixty days from the Notice Date to Settlement Class Counsel and HCA's counsel as described in Section 13, *infra*. The objector or their counsel may also file objection with the Court through the Court's ECF system, with service on Settlement Class Counsel and Defendant's Counsel made through the ECF system. For all objections mailed to Settlement Class Counsel and Defendant's Counsel, Settlement Class Counsel will file them with the Court as an exhibit to the Motion for Final Approval.

5.10    HCA will serve the notice required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, no later than fifteen (15) days after this Agreement is filed with the Court.

6.      **DUTIES OF SETTLEMENT ADMINISTRATION**

6.1     The Settlement Administrator shall perform the functions specified in this Agreement, which include:

14

a. Obtaining from HCA, pursuant to Section 5.3, the names and last known email addresses, to the extent reasonably available, of Settlement Class Members for the purpose of sending email Notice to Settlement Class Members;

b. For Settlement Class Members for whom HCA does not have reasonably available email addresses, obtaining from HCA, pursuant to Section 5.3, the names and last known phone numbers, to the extent reasonably available, of such Settlement Class Members for the purpose of sending Notice to Settlement Class Members;

c. Obtaining updated email addresses for Settlement Class Members via reverse phone lookups, as needed;

d. To the extent that Class Members' contact information remains unknown after receiving the information contemplated herein and performing the lookup contemplated in Section 6.1(c), the Settlement Administrator will coordinate with HCA to obtain any additional information that may be required to identify contact information for such Class Member or Class Members;

e. Effectuating the Notice Plan in accordance with the procedures set forth in Section 5, including the operation of the Publication Notice, if any is required;

f. Establishing and maintaining a post office box for mailed opt-outs and written objections to the Settlement;

g. Establishing and maintaining the Settlement Website;

h. Establishing and maintaining a toll-free telephone line with live operators for Settlement Class Members to call with Settlement-related inquiries, and answering the questions of Settlement Class Members who call with or otherwise communicate such inquiries;

i. Responding to any mailed or emailed Settlement Class Member inquiries;

j. Mailing to Settlement Class Members who request paper copies of the Notice Form;

k. Reviewing Claim Forms submitted by Settlement Class Members to determine whether they are eligible for CMIS or a Documented Loss Payment;

l. Administering the relief provide by this Agreement by processing Claim Forms in a rational, responsive, cost effective and timely manner;

m. Providing weekly reports and, no later than ten (10) days after the deadline for Settlement Class Members to object to the Settlement, provide a final report to Lead Counsel and HCA's counsel that summarizes the number of inquiries from the Class and that status of the implementation of the Notice Plan, and other pertinent information as requested by Lead Counsel and HCA's counsel;

n. In advance of the Final Approval Hearing, preparing affidavits to submit to the Court that attest to implementation of the Notice Plan in accordance with the Preliminary Approval Order;

o. Performing any function related to Settlement administration at the agreed-upon instruction of both Lead Counsel and HCA's counsel.

6.2 The Administrative Expenses incurred by the Settlement Administrator shall be paid by HCA.

## 7. SERVICE AWARD

7.1 **The Parties agree that Settlement Class Representatives and Lead Counsel may seek a Service Award to each Settlement Class Representative not to exceed $5,000. Any requests for such an award must be filed at least 20 days before the deadline for filing objections to the Settlement.**

7.2 **HCA shall pay the Service Award(s) approved by the Court to the Settlement Class Representative. The Service Award(s) shall be paid in the amount approved by the Court within thirty (30) Business Days of the later of the Effective Date or the date on which the Settlement Class Representative and/or Lead Counsel has provided HCA with all information and documentation reasonably necessary for HCA to process the payment, including but not limited to wire or other payment instructions, tax identification number, and a completed Form W-9.**

7.3 In the event the Court declines to approve, in whole or in part, the payment of the Service Award in the amounts requested, the remaining provisions of this Agreement shall remain in full force and effect. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the amount of the Service Award shall constitute grounds for cancellation or termination of this Agreement.

## 8. ATTORNEYS' FEES, COSTS, AND EXPENSES

8.1 **HCA agrees that Lead Counsel is entitled to an award of reasonable attorneys' fees, costs, and expenses.**

8.2 **The Parties agree that Lead Counsel may request an amount up to $3,100,000 from the Court for their attorneys' fees, costs, and expenses. HCA agrees not to object to this request, and to pay the amount the Court awards to Lead Counsel for their attorneys' fees, reasonable costs and expenses, up to and including $3,100,000, and no more than that amount. Lead Counsel, in their sole discretion, shall allocate and distribute the amount of attorneys' fees, costs, and expenses awarded by the Court. The amount of attorneys' fees and expenses to be awarded shall be a matter of complete discretion of the Court upon consideration of the complete factual record before the Court at the final fairness hearing, provided that the amount does not exceed $3,100,000.**

16

8.3     **The motion for attorneys' fees, costs, and expenses must be filed at least 20 days before the deadline for filing objections to the Settlement.**

8.4     **HCA shall pay the attorneys' fees, costs, and expenses awarded by the Court to Lead Counsel. Such attorneys' fees, costs, and expenses shall be paid in the amount approved by the Court within thirty (30) Business Days of the later of: (a) the date the Court enters its order awarding such attorneys' fees, costs, and expenses; or (b) the date on which Lead Counsel has provided HCA with all information and documentation reasonably necessary for HCA to process the payment, including but not limited to wire or other payment instructions, tax identification number(s), and completed Form(s) W-9.**

8.5     **In the event the Court's Final Order approving attorneys' fees, costs, and expenses is reversed, vacated, or modified on motion for reconsideration, or on appeal such that the amount of attorneys' fees, costs, and expenses are reduced or the Settlement is not approved as set forth in this Agreement, Lead Counsel shall be liable to refund the excess award previously paid within ten (10) Business Days of the event that results in reduction of the award.**

8.6     **HCA shall have no responsibility for, interest in, or liability whatsoever with respect to any allocation among Lead Counsel of attorneys' fees, costs, and expenses awarded by the Court.**

8.7     The finality or effectiveness of the Settlement will not be dependent on the Court awarding Lead Counsel any particular amount of attorneys' fees, costs, and expenses. In the event the Court declines to approve, in whole or in part, the payment of the attorneys' fees, costs, and expenses in the amounts requested, the remaining provisions of this Agreement shall remain in full force and effect. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the amount of attorneys' fees, costs, and expenses shall constitute grounds for cancellation or termination of this Agreement.

9.     **MUTUAL RELEASES**

9.1     **As of the Effective Date, the Settlement Class Representatives and all Settlement Class Members, on behalf of themselves, their heirs, assigns, executors, administrators, predecessors, and successors, and any other person purporting to claim on their behalf, release and discharge all claims for injunctive and declaratory relief, including Unknown Claims, against HCA (and its respective agents, directors, officers, attorneys and employees acting on its behalf) that relate in any way to the claims for injunctive or declaratory relief made in the above-captioned matter and agree to refrain from instituting, directing or maintaining any contested matter, adversary proceeding, or miscellaneous proceeding, or participating in any contested matter, miscellaneous proceeding, or adversary proceeding by a third party against HCA that relates in any way to the claims for injunctive or declaratory relief made in the above-captioned matter.**

17

9.2     As of the Effective Date, Plaintiffs, on behalf of themselves, heirs, assigns, executors, administrators, predecessors, and successors, and any other person purporting to claim on his behalf, additionally releases all claims for monetary damages, including Unknown Claims, against HCA (and its respective agents, directors, officers, attorneys and employees acting on its behalf) that relate in any way to the claims made in the above-captioned matter and agrees to refrain from instituting, directing or maintaining any contested matter, adversary proceeding, or miscellaneous proceeding, or participating in any contested matter, miscellaneous proceeding, or adversary proceeding by a third party against HCA that relates in any way to the allegations made in the above-captioned matter.

9.3     As of the Effective Date, HCA, as well as its respective agents, directors, officers, attorneys, and employees, affiliates, parents, subsidiaries, divisions, successors, assigns, releases all claims for any damages or other relief, including Unknown Claims, against the Settlement Class Representatives, their counsel, Lead Counsel and their heirs, assigns, executors, administrators, predecessors, successors, and any other person purporting to claim on their behalf, that relate in any way to the claims for injunctive or declaratory relief made in the above-captioned matter and agrees to refrain from instituting, directing, or maintaining any contested matter, adversary proceeding, or miscellaneous proceeding, or participating in any contested matter, miscellaneous proceeding, or adversary proceeding by a third party against the Settlement Class Representatives, their counsel, Lead Counsel and their heirs, assigns, executors, administrators, predecessors, successors, and any other person purporting to claim on their behalf.

9.4     The Parties understand that if the facts upon which this Agreement is based are found hereafter to be different from the facts now believed to be true, each Party expressly assumes that risk of such possible difference in facts, and agrees that this Agreement shall remain effective notwithstanding such difference in facts. The Parties agree that in entering this Agreement, it is understood and agreed that each Party relies wholly upon its own judgment, belief, and knowledge and that each Party does not rely on inducements, promises or representations made by anyone other than those embodied herein.

9.5     Notwithstanding any other provision of this Agreement (including, without limitation, this Section), nothing in this Agreement shall be deemed to in any way impair, limit, or preclude the Parties' rights to enforce any provision of this Agreement, or any court order implementing this Agreement, in a manner consistent with the terms of this Agreement. Further, nothing in this agreement shall affect any party's ability to bring claims that are not covered in the Releases contained in Paragraphs 9.1-9.3.

18

## 10. EFFECTIVE DATE AND TERMINATION

10.1 **The Effective Date of the Settlement shall be the first Business Day after all of the following conditions have occurred:**

    a. HCA and Lead Counsel execute this Agreement;

    b. The Court enters the Preliminary Approval Order, without material change to the Parties' agreed-upon proposed preliminary approval order attached hereto as Exhibit D;

    c. Notice is provided to the Settlement Class consistent with the Preliminary Approval Order;

    d. The Court enters the Final Approval Order and Judgment, without material change to the Parties' agreed-upon proposed final approval order and judgment attached hereto as Exhibit E; and

    e. The Final Approval Order and Judgment has become final because: (i) the time for appeal, petition, rehearing or other review has expired; or (ii) if any appeal, petition, request for rehearing or other review has been filed, the Final Approval Order and Judgment is affirmed without material change or the appeal is dismissed or otherwise disposed of, no other appeal, petition, rehearing or other review is pending, and the time for further appeals, petitions, requests for rehearing or other review has expired.

10.2 **In the event that the Court declines to enter the Preliminary Approval Order as specified in Section 1.23, declines to enter the Final Approval Order and Judgment as specified in Section 1.16, or these orders are not entered in materially similar form, HCA may at its sole discretion terminate this Agreement on five (5) Business Days written notice from counsel for HCA to Lead Counsel. For avoidance of doubt, HCA may not terminate this Agreement while an appeal from an order granting final approval is pending.**

10.3 **In the event the terms or conditions of this Settlement Agreement are materially modified by any court, any Party in its sole discretion to be exercised within fourteen (14) days after such modification may declare this Settlement Agreement null and void. For purposes of this Section, modifications include any modifications to the definitions of the Settlement Class, or Released Claims, any modifications to the terms of the Settlement consideration described in Section 2 and Section 3, and/or any requirement of notice to the Settlement Class. In the event of a material modification by any court, and in the event the Parties do not exercise their unilateral options to withdraw from this Settlement Agreement pursuant to this Section, the Parties shall meet and confer within seven (7) days of such ruling to attempt to reach an agreement as to how best to effectuate the court-ordered modification.**

19

10.4    Except as otherwise provided herein, in the event the Settlement is terminated prior to the Effective Date, the Parties to this Agreement, including Settlement Class Members, shall be deemed to have reverted to their respective status in the Action immediately prior to the execution of this Agreement, and, except as otherwise expressly provided, the Parties shall proceed in all respects as if this Agreement and any related orders had not been entered. In addition, the Parties agree that in the event the Settlement is terminated, any orders entered pursuant to the Agreement shall be deemed null and void and vacated and shall not be used in or cited by any person or entity in support of claims or defenses.

## 11.    NO ADMISSION OF WRONGDOING OR LIABILITY

11.1    **This Agreement, whether or not consummated, any communications and negotiations relating to this Agreement or the Settlement, and any proceedings taken pursuant to the Agreement:**

a.    shall not be offered or received against either Party as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by that Party with respect to the truth of any fact alleged by any Plaintiff or the validity of any claim, defense, or counterclaim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any claim, defense, or counterclaim that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, breach of duty, or wrongdoing of any Party;

b.    shall not be offered or received against any Party as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by that Party;

c.    shall not be offered or received against any Party as evidence of a presumption, concession or admission with respect to any liability, negligence, fault, breach of duty, or wrongdoing, or in any way referred to for any other reason as against any Party to this Action, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Agreement; provided, however, that if this Agreement is approved by the Court, the Parties may refer to it to effectuate the liability protection granted them hereunder;

d.    shall not be construed against HCA as an admission or concession that the consideration to be given hereunder represents the relief that could be or would have been awarded after trial; and

e.    shall not be construed as or received in evidence as an admission, concession or presumption against the Settlement Class Representatives or any Settlement Class Member that any of their claims are without merit, or that any defenses asserted by HCA have any merit.

20

## 12. REPRESENTATIONS

12.1 Each Party represents that: (i) such Party has full legal right, power and authority to enter into and perform this Agreement, subject to Court approval; (ii) the execution and delivery of this Agreement by such Party and the consummation by such Party of the transactions contemplated by this Agreement have been duly authorized by such Party; (iii) this Agreement constitutes a valid, binding and enforceable agreement; and (iv) no consent or approval of any person or entity is necessary for such Party to enter into this Agreement.

## 13. NOTICE

13.1 All notices to Lead Counsel provided for in this Agreement shall be sent by email and First Class mail to the following:

> J. Gerard Stranch, IV
> gstranch@stranchlaw.com
> Grayson Wells
> gwells@stranchlaw.com
> STRANCH, JENNINGS & GARVEY, PLLC
> 223 Rosa L. Parks Avenue, Suite 200
> Nashville, TN 37203
>
> Jean Martin
> MORGAN & MORGAN COMPLEX LITIGATION GROUP
> jeanmartin@forthepeople.com
> 201 North Franklin Street, 7th Floor
> Tampa, FL 33602

13.2 All notices to HCA or counsel to HCA provided for in this Agreement shall be sent by email and First Class mail to the following:

> Andrew B. Clubok
> Andrew.clubok@lw.com
> Susan E. Engel
> Susan.engel@lw.com
> LATHAM & WATKINS LLP
> 555 Eleventh Street NW, Suite 1000
> Washington, D.C. 20004
>
> Melanie M. Blunschi
> Melanie.blunschi@lw.com
> LATHAM & WATKINS LLP
> 505 Montgomery Street, Suite 2000
> San Francisco, CA 94111
>
> Marissa Alter-Nelson

21

Docusign Envelope ID: 1BBE1DF8-5C4B-4459-B0BA-AAE994AF0E01

Marissa.Alter-Nelson@lw.com
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020

13.3    All notices to the Settlement Administrator provided for in this Agreement shall be
sent by email and First Class mail to the following:

*In re HCA Healthcare, Inc., Data Security Litigation*
c/o Kroll Settlement Administration LLC
P.O. Box 225391
New York, NY 10150-5391

13.4    The notice recipients and addresses designated in this Section may be changed by
written notice.

## 14.    CONFIDENTIALITY

14.1    <u>Confidentiality</u>.  The Parties agree to keep confidential any matters relating to the
discussions leading to the Parties' Settlement Agreement, and not to disclose such
matters to any other person or entity, except Experts subject to the confidentiality
order in this matter, or as may be required in order to obtain approval for the
Settlement Agreement or to comply with an order of a court of competent
jurisdiction, or any direction from a regulatory agency. The Parties further agree to
keep confidential any matters relating to the security commitments described in
Exhibit F to the extent it is filed under seal.

14.2    <u>Limitations on Use</u>.  Each Party agrees that all information and materials received
from the other Party in the course of this matter—including all document
productions, and discovery responses—may only be used for prosecuting,
defending, attempting to settle, and/or settling this litigation and shall be destroyed
in accordance with Section O of the Joint Confidentiality Order (ECF 156) in this
matter, as ordered.

## 15.    MISCELLANEOUS PROVISIONS

15.1    **<u>Further Steps and Best Efforts</u>.  The Parties agree to cooperate in good faith
and use their best efforts to effectuate all their respective obligations under the
Agreement and to undertake any required steps to effectuate the purposes and
intent of this Agreement, including obtaining preliminary and final settlement
approval, and all steps that may be necessary in order to reach the Effective
Date, and to do so as quickly and efficiently as practicable.**

15.2    **<u>Representation by Counsel</u>. The Settlement Class Representatives and HCA
represent and warrant that they have been represented by, and have consulted
with, the counsel of their choice regarding the provisions, obligations, rights,
risks, and legal effects of this Agreement and have been given the opportunity**

22

to review independently this Agreement with such legal counsel and agree to the particular language of the provisions herein.

15.3 <u>Contractual Agreement</u>. The Parties understand and agree that all terms of this Agreement, including the Exhibits thereto, are contractual and are not a mere recital, and each signatory warrants that he, she, or it is competent and possesses the full and complete authority to execute and covenant to this Agreement on behalf of the Party that they or it represents.

15.4 <u>Integration</u>. This Agreement constitutes the entire agreement among the Parties and no representations, warranties or inducements have been made to any Party concerning this Agreement other than the representations, warranties and covenants contained and memorialized herein.

15.5 <u>Communications with Settlement Class Members</u>. HCA reserves the right to continue any and all ordinary-course-of-business communications with Settlement Class Members. Should it become evident in the course of any such communication with HCA that a Settlement Class Member is inquiring regarding the settlement memorialized in this Agreement or any other matter related to the Data Incident, HCA shall refer the inquiry to Lead Counsel.

15.6 <u>Authorization to Enter Agreement</u>. The Parties warrant and represent that they are authorized to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement, to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement. The Settlement Class Representatives further warrant and represent that they have not designated, hypothecated, transferred, or otherwise granted any interest in the Released Claims to any other person or entity. The Parties and their counsel will cooperate with each other and use their best efforts to affect the implementation of the Settlement. In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement, or on any supplemental provisions that may become necessary to effectuate the terms of the Settlement embodied in this Agreement, the Parties shall mediate the disagreement before Robert A. Meyer Esq. The Parties shall not seek the Court's intervention until they have exhausted the mediation process.

15.7 <u>No Additional Persons with Financial Interest</u>. HCA shall not be liable for any additional attorneys' fees and expenses of any Settlement Class Members' counsel, including any potential objectors or counsel representing a Settlement Class Member, other than what is expressly provided for in this Agreement.

15.8 <u>Drafting</u>. The Parties agree that no single Party shall be deemed to have drafted this Agreement, or any portion thereof, for purpose of the invocation of the doctrine of *contra proferentum*. This Settlement Agreement is a collaborative effort of the Parties and their attorneys that was negotiated on an arm's-length basis between parties of equal bargaining power.

23

Accordingly, this Agreement shall be neutral, and no ambiguity shall be construed in favor of or against any of the Parties. The Parties expressly waive the presumption of California Civil Code section 1654 that uncertainties in a contract are interpreted against the party who caused the uncertainty to exist.

15.9 <u>Waiver of Objections by Settlement Class Representative</u>. The Settlement Class Representative agrees not to object to any of the terms of this Agreement.

15.10 <u>Modification or Amendment</u>. This Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by the Persons who executed this Agreement or their successors-in-interest.

15.11 <u>Waiver</u>. The failure of a Party hereto to insist upon strict performance of any provision of this Agreement shall not be deemed a waiver of such Party's rights or remedies or a waiver by such Party of any default by another Party in the performance or compliance of any of the terms of this Agreement. In addition, the waiver by one Party of any breach of this Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

15.12 <u>Severability</u>. Should any part, term or provision of this Agreement be declared or determined by any court or tribunal to be illegal or invalid, the Parties agree that the Court may modify such provision to the extent necessary to make it valid, legal and enforceable. In any event, such provision shall be separable and shall not limit or affect the validity, legality or enforceability of any other provision hereunder.

15.13 <u>Successors</u>. This Settlement Agreement shall be binding upon and inure to the benefit of the heirs, successors and assigns of the Parties thereto.

15.14 <u>Survival</u>. The Parties agree that the terms set forth in this Agreement shall survive the signing of this Agreement.

15.15 <u>Governing Law</u>. All terms and conditions of this Agreement shall be governed by and interpreted according to the laws of the State of Tennessee, without reference to its conflict of law provisions, except to the extent the federal law of the United States requires that federal law governs.

15.16 Interpretation.

    a. Definitions apply to the singular and plural forms of each term defined.

    b. Definitions apply to the masculine, feminine, and neutral genders of each term defined.

24

c. Whenever the words "include," "includes" or "including" are used in this Agreement, they shall not be limiting but rather shall be deemed to be followed by the words "without limitation."

15.17 **No Precedential Value.** **The Parties agree and acknowledge that this Agreement carries no precedential value.**

15.18 **Fair & Reasonable.** **The Parties and their counsel believe this Agreement is a fair and reasonable compromise of the disputed claims, in the best interest of the Parties, and have arrived at this Agreement as a result of arm's-length negotiations.**

15.19 **Retention of Jurisdiction.** **The administration and consummation of the Settlement as embodied in this Agreement shall be under the authority of the Court, and the Court shall retain jurisdiction over the Settlement and the Parties for the purpose of enforcing the terms of this Agreement.**

15.20 **Headings.** **Any headings contained herein are for informational purposes only and do not constitute a substantive part of this Agreement. In the event of a dispute concerning the terms and conditions of this Agreement, the headings shall be disregarded.**

15.21 **Exhibits.** **The Exhibits to this Agreement are expressly incorporated by reference and made part of the terms and conditions set forth herein.**

15.22 **Counterparts.** **This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement shall exchange among themselves original signed counterparts.**

15.23 **Facsimile and Electronic Mail.** **Transmission of a signed Agreement by facsimile or electronic mail shall constitute receipt of an original signed Agreement by mail.**

15.24 **No Assignment.** **Each Party represents and warrants that such Party has not assigned or otherwise transferred (via subrogation or otherwise) any right, title or interest in or to any of the Released Claims.**

15.25 **Non-Disparagement.** **Settlement Class Representatives, HCA, and the Parties' respective counsel may issue press releases in connection with filings in this matter. Settlement Class Representatives, HCA, and the Parties' respective counsel agree not to make any statements, written or verbal, or to cause or encourage any other Person to make any statements, written or oral, that defame, disparage or in any way criticize the personal or business reputation, practices, or conduct of the Parties and their respective counsel concerning all Released Claims, as well as the litigation of this Action, the Settlement, this Agreement, and any discussions, interactions, or negotiations of the Settlement by the Parties and their counsel.**

25

15.26 <u>Compliance with Ethical Obligations</u>. Settlement Class Representatives, Lead Counsel, HCA, and HCA's counsel agree that, throughout the course of the Action, each of them complied with the provisions of Rule 11 of the Federal Rules of Civil Procedure.

26

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed by their duly authorized counsel:

LEAD COUNSEL ON BEHALF OF THE SETTLEMENT CLASS:

By: *J. Gerard Stranch, IV* /5/2025 | 12:44 PM CDT
64DA70E969B54C7...

J. Gerard Stranch, IV (BPR 23045)
**STRANCH, JENNINGS & GARVEY,
PLLC**
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
(615) 254-8801
gstranch@stranchlaw.com

Jean S. Martin (admitted pro hac vice)
**MORGAN & MORGAN COMPLEX
LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 559-4908
Facsimile: (813) 222-2496
jeanmartin@forthepeople.com

*Co-Lead Counsel for Plaintiffs*


DEFENSE COUNSEL, ON BEHALF OF HCA HEALTHCARE, INC.


By:_____

Andrew B. Clubok
Susan E. Engel
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20005
(202) 637-2200
andrew.clubok@lw.com
susan.engel@lw.com

27

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed by their duly authorized counsel:

LEAD COUNSEL ON BEHALF OF THE SETTLEMENT CLASS:

By: _____

J. Gerard Stranch, IV (BPR 23045)
**STRANCH, JENNINGS & GARVEY, PLLC**
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
(615) 254-8801
gstranch@stranchlaw.com

Jean S. Martin (admitted pro hac vice)
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 559-4908
Facsimile: (813) 222-2496
jeanmartin@forthepeople.com

*Co-Lead Counsel for Plaintiffs*

DEFENSE COUNSEL, ON BEHALF OF HCA HEALTHCARE, INC.

By: _____

Andrew B. Clubok
Susan E. Engel
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20005
(202) 637-2200
andrew.clubok@lw.com
susan.engel@lw.com

27

Melanie M. Blunschi
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600
melanie.blunschi@lw.com

Marissa Alter-Nelson
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
(212) 906-0600
marissa.alter-nelson@lw.com

*Attorneys for Defendant HCA Healthcare, Inc.*

COUNSEL FOR HCA HEALTHCARE, INC.

By: _____
Michael McAlevey

28

Docusign Envelope ID: 1BBE1DF8-5C4B-4459-B0BA-AAE994AF0E01

# EXHIBIT A

Docusign Envelope ID: 1BBE1DF8-5C4B-4459-B0BA-AAE994AF0E01

**\*0000000000000\***

0 0 0 0 0 0 0 0 0 0 0 0 0

| Your Claim must be submitted online or postmarked by: <<Claims Deadline>> | **CLAIM FORM FOR HCA DATA INCIDENT ACTION**<br><br>*In re: HCA Healthcare, Inc. Data Security Litigation*<br>Case No. 3:23-cv-00684<br>United States District Court for the Middle District of Tennessee | **HCA-C** |
| --- | --- | --- |

## GENERAL INSTRUCTIONS

You have been identified by the Settlement Administrator as a Settlement Class Member who is a current HCA patient residing in the United States whose personal information was compromised in the Data Incident that HCA announced on or about July 10, 2023. You may submit a claim for a Settlement Benefit, outlined below.

Please refer to the Long Form Notice posted on the Settlement Website www.Website.com, for more information on submitting a Claim Form and if you part of the Settlement Class.

To receive a Settlement Benefit from this Settlement via an electronic payment, you must submit the Claim Form below electronically at www.Website.com by <<Claims Deadline>>.

This Claim Form may also be mailed to the address below. Please type or legibly print all requested information, in blue or black ink. Mail your completed Claim Form, including any supporting documentation, by U.S. mail to:

In re HCA Healthcare, Inc., Data Security Litigation
c/o Kroll Settlement Administration LLC
P.O. Box 225391
New York, NY 10150-5391

Settlement Class Members that submit a valid and timely Claim Form may select one or both of the following Settlement Benefits:

a) Credit Monitoring and Insurance Services. One (1) year of Credit Monitoring and Insurance Services. CMIS will include credit monitoring, fraud consultation, and identity theft restoration services. A Settlement Class Member who chooses CMIS as their respective Settlement Benefit and already maintains a credit monitoring service may elect to defer their enrollment in the CMIS for a period of twelve (12) months for no additional charge.

AND

b) Documented Loss Payment. Settlement Class Members may submit a claim for a Documented Loss payment of up to $5,000 with supporting documentation.

## I. PAYMENT SELECTION

If you would like to elect to receive your cash payment through electronic transfer, please visit the Settlement Website and timely file your Claim Form. The Settlement Website includes a step-by-step guide for you to complete the electronic payment option.

**Questions? Go to www.Website.com or call toll-free (XXX) XXX-XXXX.**

# *0000000000000*

0 0 0 0 0 0 0 0 0 0 0 0 0

## II. SETTLEMENT CLASS MEMBER NAME AND CONTACT INFORMATION

Provide your name and contact information below. You must notify the Settlement Administrator if your contact information changes after you submit this Claim Form.

First Name          Last Name

Address 1

Address 2

City          State      Zip Code

Email Address: _____ @ _____

Telephone Number (optional): ( ___ ___ ___ ) ___ ___ ___ - ___ ___ ___ ___

## III. PROOF OF DATA INCIDENT SETTLEMENT CLASS MEMBERSHIP

☐ Check this box to certify if you are a current HCA patient residing in the United States whose personal information was compromised in the Data Incident that HCA announced on or about July 10, 2023.

Enter the Class Member ID Number provided on your Email Notice:

Class Member ID: 0 0 0 0 0 ___ ___ ___ ___ ___ ___ ___ ___

## IV. CREDIT MONITORING AND INSURANCE SERVICES

☐ One (1) year of CMIS

CMIS will include credit monitoring, fraud consultation, and identity theft restoration services. A Settlement Class Member who chooses CMIS as their respective Settlement Benefit and already maintains a credit monitoring service may elect to defer their enrollment in the CMIS for a period of twelve (12) months for no additional charge. The CMIS will include the following services, among other features, to be provided to each Settlement Class Member who submits an Approved Claim for CMIS: (i) up to $1 million dollars of identity theft insurance coverage; and (ii) one-bureau credit monitoring providing notice of changes to the Settlement Class Member's credit profile.

**Questions? Go to www.Website.com or call toll-free (XXX) XXX-XXXX.**

*00000*
000000

*CF*
CF

*Page 2 of 4*
Page 2 of 4

Case 3:23-cv-00684    Document 177-1    Filed 05/05/25    Page 32 of 73 PageID #: 2024

*0000000000000*

0 0 0 0 0 0 0 0 0 0 0 0 0

---

## VIII. PAYMENT FOR DOCUMENTED LOSSES AND EXPENSES

All Settlement Class Members may submit a claim for Documented Loss or Expense Payment capped up to $5,000 per person. Do not submit a claim for CMIS above.

To receive Documented Loss payment, a Settlement Class Member must choose to do so on their given Claim Form and submit to the Settlement Administrator the following:

(i)     a valid Claim Form electing to receive the Documented Loss Payment benefit;

(ii)    an attestation regarding any actual and unreimbursed Documented Loss; and

(iii)   Reasonable Documentation that demonstrates the Documented Loss to be reimbursed pursuant to the terms of the Settlement. If a Settlement Class Member does not submit Reasonable Documentation supporting a Documented Loss payment claim, or if a Settlement Class Member's claim for a Documented Loss payment is rejected by the Settlement Administrator for any reason, the Settlement Class Member shall be provided with an opportunity to cure their claim and provide additional documentation, as directed by the Settlement Administrator.

Settlement Class Members with documented losses must submit documentation supporting their claims. This can include receipts or other documentation not "self-prepared" by the claimant that document the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support other submitted documentation.

You must have documented ordinary losses incurred as a result of the Data Incident and submit documentation to obtain this benefit.

☐   I have attached documentation showing that the documented ordinary losses were more likely than not caused by the Data Incident. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support to other submitted documentation.

| Cost Type (Fill all that apply) | Approximate Date of Documented Loss | Amount of Documented Loss | Description of Supporting Reasonable Documentation (Identify what you are attaching and why) |
|---|---|---|---|
| Example: Identity Theft Protection Service | 0 7/17/2 0 (mm/dd/yy) | $50.00 | Copy of identity theft protection service bill |
| | ___/___/___ (mm/dd/yy) | $_____._____ | |
| | ___/___/___ (mm/dd/yy) | $_____._____ | |
| | ___/___/___ (mm/dd/yy) | $_____._____ | |

Questions? Go to www.Website.com or call toll-free (XXX) XXX-XXXX.

\*0000000000000\*

0 0 0 0 0 0 0 0 0 0 0 0 0

## XI. ATTESTATION & SIGNATURE

I swear and affirm under the laws of my state that the information I have supplied in this Claim Form is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

_____        ____ ____ / ____ ____ / ____ ____ ____ ____
Signature                                                    Date

_____
Print Name

**Questions? Go to www.Website.com or call toll-free (XXX) XXX-XXXX.**

\*00000\*
000000

\*CF\*
CF

\*Page 4 of 4\*
Page 4 of 4

Case 3:23-cv-00684   Document 177-1   Filed 05/05/25   Page 34 of 73 PageID #: 2026

# EXHIBIT B

Docusign Envelope ID: 1BBE1DF8-5C4B-4459-B0BA-AAE994AF0E01

From:

To:

Subject: Email Notice of Proposed Class Action Settlement

**Class Member ID: <<RefNum>>**

**To all current HCA patients residing in the United States whose personal information was compromised in the Data Incident that HCA announced on or about July 10, 2023, you are eligible to receive a Settlement Benefit from a class action Settlement**

*In re: HCA Healthcare, Inc. Data Security Litigation*
Case No. 3:23-cv-00684

**Why am I receiving this Email Notice?** You are receiving this Email Notice because the records of HCA Healthcare, Inc. (hereafter "HCA") on or about July 10, 2023, HCA announced that it discovered it had been the target of a criminal cyberattack in which the attackers accessed and stole information from an external storage location used to automate the formatting of email messages, or Data Incident. As a result of the Data Incident, twenty-seven (27) putative class action lawsuits were filed against HCA, alleging that HCA had inadequate data security practices and failed to properly safeguard affected patients' information. You are therefore likely a Settlement Class Member eligible to receive Settlement Benefits under this Settlement.

**Who is a Settlement Class Member?** You are affected by the Settlement and potentially a Settlement Class Member if you are a current HCA patient residing in the United States whose personal information was compromised in the Data Incident that HCA announced on or about July 10, 2023.

**What does the Settlement provide?** The Settlement provides the following Settlement Benefits available to Settlement Class Members who submit Approved Claims with reasonable documentation: (a) Credit Monitoring and Insurance Services; and (b) Documented Loss payment of up to $5,000. Please visit **[here]** for a full description of the Settlement Benefits and documentation requirements.

**How do I submit a Claim Form for benefits?** You must submit a Claim Form, available at **[here]** to be eligible to receive a Settlement Benefit. Your completed Claim Form must be submitted online or mailed to the Settlement Administrator at *In re HCA Healthcare, Inc., Data Security Litigation*, c/o Kroll Settlement Administration LLC, P.O. Box 225391, New York, NY 10150-5391 and **postmarked, by DATE.** You will need the Class Member ID located at the top of this email to submit a claim. Please refer to the Long Form Notice on the Settlement Website for a description of the type of reasonable documentation you must provide to support a claim for a cash payment for documented losses.

**TO RECEIVE AN ELECTRONIC OR ACH PAYMENT FOR YOUR APPROVED CLAIM, YOU MUST FILE A CLAIM FORM ONLINE AT WWW.WEBSITE.COM**

**What are my other options?** If you **Do Nothing,** you will be legally bound by the terms of the settlement, and you will release your claims against HCA as defined in the Settlement Agreement. You may **Opt-Out** of or file an **Objection** to the Settlement by << **sixty (60) days from the Notice Date** >>. Please visit **www.website.com** for more information on how to submit an opt-out request and

exclude yourself from or object to the Settlement.

**Do I have a lawyer in this case?** Yes, the Court appointed Jean Martin of Morgan & Morgan Complex Litigation Group and J. Gerard Stranch, IV of Stranch, Jennings & Garvey, PLLC to represent you and other Settlement Class Members. You will not be charged directly for these lawyers; instead, the attorneys' fees and costs shall be paid separately by the Defendant. If you want to be represented by your own lawyer, you may hire one at your own expense.

**The Court's Final Approval Hearing.** The Court is scheduled to hold a Final Approval Hearing on **DATE at TIME CT**, to consider whether to approve the Settlement, the attorneys' fees, costs, for an amount that does not exceed $3,100,000 and Service Awards payments of $5,000 to each Settlement Class Representative, that Defendant will pay. You may appear at the hearing, either yourself or through an attorney hired by you, but you don't have to.

This Email Notice is only a summary. For more information or to change your address, visit **www.website.com** or call toll-free **(XXX) XXX-XXXX.**

## PLEASE DO NOT CONTACT THE COURT, CLERK OF THE COURT OR CLASS COUNSEL FOR INFORMATION ABOUT THE CLASS ACTION SETTLEMENT

Please monitor https://www.website.com/ for updates or call (XXX) XXX-XXXX.

This email was sent to you because you are a Settlement Class Member.| Unsubscribe

Please do not reply to this email, it is sent from an unmonitored mailbox.

# EXHIBIT C

Docusign Envelope ID: 1BBE1DF8-5C4B-4459-B0BA-AAE994AF0E01

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
### United States District Court for the Middle District of Tennessee

*In re: HCA Healthcare, Inc. Data Security Litigation*
### Case No. 3:23-cv-00684

### A Court has authorized this Notice. This is not a solicitation from a lawyer.

---

**If You Are a Current HCA Patient Residing in the United States Whose Personal Information was Compromised in the Data Incident that HCA Announced on or about July 10, 2023, You Are Eligible to Receive a Settlement Benefit from a Class Action Settlement.**

---

- A Court authorized this Notice, to those that are eligible to receive Settlement Benefits from a proposed class action Settlement. The Action is titled *In re HCA Healthcare, Inc. Data Security Litigation*, Case No. 3:23-cv-00684 and is pending in the United States District Court for the Middle District of Tennessee. The persons that filed the class action lawsuit are called Plaintiffs or Settlement Class Representatives and the company they sued are Defendant HCA Healthcare, Inc. (hereafter "HCA"). Defendant denies any wrongdoing whatsoever.

- **Who is a Settlement Class Member?**

    Those persons certified as a class for Settlement purposes under Federal Rule of Civil Procedure 23(b)(2), 23(b)(3) and 23(e), consisting of all current HCA patients residing in the United States whose personal information was compromised in the Data Incident that HCA announced on or about July 10, 2023.

    Excluded from the Settlement Class: (i) HCA's officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff, and (iii) any Settlement Class Member who timely and validly requests to opt-out from the Settlement.

- Settlement Class Members may qualify and submit a claim for either of the following:
    - ❖ **Credit Monitoring and Insurance Services** – One (1) year of the Credit Monitoring and Insurance Services ("CMIS"). CMIS will include credit monitoring, fraud consultation, and identity theft restoration services; **AND**
    - ❖ **Documented Loss Payment** – Settlement Class Members may submit a claim for a Documented Loss payment of up to **$5,000** with **Reasonable Documentation** supporting the loss as a result of the Data Incident. Please refer below to the Settlement Benefits section of this Notice for a description of the type of reasonable documentation you may provide to support a claim for a cash payment for documented losses. Claims and supporting documentation are subject to review and approval by the Settlement Administrator.

- To obtain more information visit **www.website.com** or call **(XXX) XXX-XXXX.**

**Please read this Notice carefully. Your legal rights will be affected, and you have a choice to make at this time.**

Questions? Go to www.website.com or call (XXX) XXX-XXXX

Case 3:23-cv-00684    Document 177-1    Filed 05/05/25    Page 39 of 73 PageID #: 2031

Docusign Envelope ID: 1BBE1DF8-5C4B-4459-B0BA-AAE994AF0E01

| | Summary of Legal Rights | Deadline(s) |
|---|---|---|
| **Submit a Claim Form** | The only way to receive a cash payment for documented losses is to submit a timely and valid Claim Form. | Submitted or postmarked on or before **<<Claims Deadline>>.** |
| **Exclude Yourself by Opting Out of the Class** | Receive no benefit from the Settlement. This is the only option that allows you to keep your right to bring any other lawsuit about the legal claims that are released by the Settlement in this lawsuit.. | Mailed and postmarked on or before **<<sixty (60) days from the Notice Date>>.** |
| **Object to the Settlement and/or Attend the Final Approval Hearing** | You can write the Court about why you agree or disagree with the Settlement. The Court cannot order a different settlement and you will still be bound by the Settlement if the Court approves it. You can also ask to speak at the Final Approval Hearing on **<<Final Approval Hearing date>>,** about the fairness of the Settlement, with or without your own attorney. | Mailed and postmarked on or before **<<sixty (60) days from the Notice Date>>.** |
| **Do Nothing** | You will not receive any cash payment for documented losses from this class action Settlement, but will remain a Settlement Class Member and be bound by the Released Claims. Give up your legal rights. | N/A |

- Your rights and options as a Settlement Class Member – **and the deadlines to exercise your rights** – are explained in this Notice.

- The Court still will have to decide whether to approve the Settlement. Settlement Benefits will be made available only if the Court approves the Settlement and after any possible appeals are resolved.

**Questions? Go to www.website.com or call (XXX) XXX-XXXX**

Case 3:23-cv-00684     Document 177-1     Filed 05/05/25     Page 40 of 73 PageID #: 2032

Case No. 0:24-cv-00972 (D.S.C.)

| **What This Notice Contains** |
|---|

Basic Information ..................................................................................................................... 4

Who is in the Settlement ........................................................................................................ 4

The Settlement Benefits—What You Get if You Qualify ............................................... 5

How Do You Submit a Claim .................................................................................................. 6

Excluding Yourself from the Settlement ........................................................................... 7

Objecting to the Settlement .................................................................................................. 7

The Lawyers Representing You ............................................................................................. 9

The Court's Final Approval Hearing ................................................................................... 9

If You Do Nothing ................................................................................................................... 10

Additional Information .......................................................................................................... 10

Questions? Go to www.website.com or call (XXX) XXX-XXXX

Case 3:23-cv-00684     Document 177-1     Filed 05/05/25     Page 41 of 73 PageID #: 2033

## BASIC INFORMATION

| 1. | Why is there a Notice? |
|---|---|

The Court authorized this Notice because you have a right to know about the Settlement, and all your options, before the Court decides whether to give final approval to the Settlement. This Notice explains the nature of the Action that is the subject of the Settlement, the general terms of the Settlement, and your legal rights and options.

The Judge Jack Zouhary of the United States District Court for the Middle District of Tennessee is overseeing this case captioned as *In re HCA Healthcare, Inc. Data Security Litigation,* Case No. 3:23-cv-00684. The people who brought the lawsuit are called the Settlement Class Representatives. The company being sued, HCA Healthcare, Inc., is called the Defendant.

| 2. | What is the Action about? |
|---|---|

The Action alleges that on or about July 10, 2023, HCA announced that it had discovered it had been the target of a criminal cyberattack in which the attackers accessed and stole information from an external storage location used to automate the formatting of email messages, or Data Incident. As a result of the Data Incident, twenty-seven (27) putative class action lawsuits were filed against HCA, alleging that HCA had inadequate data security practices and failed to properly safeguard affected patients' information.

Defendant denies any wrongdoing whatsoever. No court or other judicial body has made any judgment or other determination that Defendant has done anything wrong.

| 3. | Why is this a class action? |
|---|---|

In a class action, one or more people called "Settlement Class Representatives" or "Plaintiffs" sue on behalf of all people who have similar claims. Together, all these people are called a "Settlement Class," and the individuals are called "Settlement Class Members." One court resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Class.

| 4. | Why is there a Settlement? |
|---|---|

The Court has not decided in favor of the Plaintiffs or Defendant. Instead, both sides agreed to the Settlement. The Settlement avoids the cost and risk of a trial and related appeals, while providing benefits to Settlement Class Members. The Settlement Class Representatives appointed to represent the Settlement Class, and the attorneys for the Settlement Class, Lead Counsel, think the Settlement is best for all Settlement Class Members.

## WHO IS IN THE SETTLEMENT?

| 5. | How do I know if I am part of the Settlement? |
|---|---|

You are affected by the Settlement and potentially a Settlement Class Member if you are a current HCA patient residing in the United States whose personal information was compromised in the Data Incident that HCA announced on or about July 10, 2023.

Excluded from the Settlement Class are: (i) HCA's officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over this

matter and the members of their immediate families and judicial staff, and (iii) any Settlement Class Member who timely and validly requests to opt-out from the Settlement.

| 6. | What if I am not sure whether I am included in the Settlement? |
|---|---|

If you are not sure whether you are included in the Settlement, you may call **(XXX) XXX-XXXX** with questions. You may also write with questions to:

*In re HCA Healthcare, Inc., Data Security Litigation*
c/o Kroll Settlement Administration LLC
P.O. Box 225391
New York, NY 10150-5391

**THE SETTLEMENT BENEFITS–WHAT YOU GET IF YOU QUALIFY**

| 7. | What does the Settlement provide? |
|---|---|

The Settlement provides the following Settlement Benefits available to Settlement Class Members who submit Approved Claims: (a) Credit Monitoring and Insurance Services; and (b) Documented Loss payment of up to $5,000.

| 8. | What Settlement Benefits are available under the Settlement? |
|---|---|

Settlement Class Members that submit a valid and timely Claim Form supported by reasonable documentation may select both of the following Settlement Benefits:

a) ***Credit Monitoring and Insurance Services.*** One (1) year of Credit Monitoring and Insurance Services. CMIS will include credit monitoring, fraud consultation, and identity theft restoration services. A Settlement Class Member who chooses CMIS as their respective Settlement Benefit and already maintains a credit monitoring service may elect to defer their enrollment in the CMIS for a period of twelve (12) months for no additional charge.

- The CMIS will include the following services, among other features, to be provided to each Settlement Class Member who submits an Approved Claim for CMIS: (i) up to $1 million dollars of identity theft insurance coverage; and (ii) one-bureau credit monitoring providing notice of changes to the Settlement Class Member's credit profile;

**AND**

b) ***Documented Loss Payment.*** Settlement Class Members may submit a claim supported by reasonable documentation for a Documented Loss payment of up to $5,000.

- To receive Documented Loss payment, a Settlement Class Member must choose to do so on their given Claim Form and submit to the Settlement Administrator the following:

  (i) a valid Claim Form electing to receive the Documented Loss Payment benefit;

  (ii) an attestation regarding any actual and unreimbursed Documented Loss; and

(iii) Reasonable Documentation that demonstrates the Documented Loss to be reimbursed pursuant to the terms of the Settlement. If a Settlement Class Member does not submit Reasonable Documentation supporting a Documented Loss payment claim, or if a Settlement Class Member's claim for a Documented Loss payment is rejected by the Settlement Administrator for any reason, the Settlement Class Member shall be provided with an opportunity to cure their claim and provide additional documentation, as directed by the Settlement Administrator.

   (a) Examples of reasonable documentation include (but are not limited to): receipts, bills or invoices, bank statements, or correspondence including emails. Personal certifications, declarations, or affidavits from the Settlement Class Member are not reasonable documentation but may be included to provide clarification, context, or support for other submitted reasonable documentation. You will not be reimbursed for expenses if you have been reimbursed for the same expenses by another source, including compensation provided in connection with any credit monitoring and identity theft protection product.

### HOW DO YOU SUBMIT A CLAIM?

| **9.   How do I get a Settlement Benefit?** |
| --- |

To receive a Settlement Benefit, you must complete and submit a Claim Form with reasonable documentation online at www.website.com or by mail to *In re HCA Healthcare, Inc., Data Security Litigation*, c/o Kroll Settlement Administration LLC, P.O. Box 225391, New York, NY 10150-5391. Read the Claim Form instructions carefully, fill out the Claim Form, provide the required documentation, and submit online by <<**Claims Deadline**>>, **at** or by mail **postmarked by** <<**Claims Deadline**>>.

**TO RECEIVE AN ELECTRONIC OR ACH PAYMENT FOR YOUR APPROVED CLAIM, YOU MUST FILE A CLAIM FORM ONLINE AT WWW.WEBSITE.COM**

| **10.   When will I get my Settlement Benefit?** |
| --- |

The Court will hold a Final Approval Hearing on <<**Date**>>, **at** <<**Time**>> **a.m. CT** to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals from that decision and resolving them can take time. It also takes time for all the Claim Forms for documented losses to be processed. Please be patient. Settlement Benefits will begin after the Settlement has obtained Court approval and the time for all appeals has expired.

| **11.   What am I giving up as part of the Settlement?** |
| --- |

Defendant and its affiliates will receive a release from all claims that could have been or that were brought against Defendant relating to the Data Incident. Thus, if the Settlement becomes final and you do not exclude yourself from the Settlement, you will be a Settlement Class Member and you will give up your right to sue Defendant as well as its respective agents, directors, officers, attorneys, and employees, affiliates, parents, subsidiaries, divisions, successors, assigns, releases all claims for any damages or other relief, including Unknown Claims, against the Settlement Class

Questions? Go to www.website.com or call (XXX) XXX-XXXX

6

Case 3:23-cv-00684    Document 177-1    Filed 05/05/25    Page 44 of 73 PageID #: 2036

Representatives, their counsel, Lead Counsel and their heirs, assigns, executors, administrators, predecessors, successors, and any other person purporting to claim on their behalf, and assigns of each of them as well as covered entities associated with the Data Incident. The Released Claims are described in Section 9 of the Settlement Agreement, which is available at **www.website.com.** If you have any questions, you can talk to the law firms listed in Question 17 for free or you can talk to your own lawyer.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to be part of the Settlement, then you must take steps to exclude yourself from the Settlement Class. This is sometimes referred to as "opting out" of the Settlement Class.

**12. If I exclude myself, can I get a Settlement Benefit from this Settlement?**

No. If you exclude yourself, you will not be entitled to receive any benefits from the Settlement.

**13. If I do not exclude myself, can I sue Defendant for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue Defendant and any other parties for any claim that could have been or was brought relating to the Data Incident. You must exclude yourself from the Settlement to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case.

**14. How do I exclude myself from the Settlement?**

To exclude yourself, send an opt-out request or written notice of intent to opt-out that says you want to be excluded from the Settlement. The opt-out request must have the following: (i) state the Settlement Class Member's full name and current address and signature, and (ii) specifically state their desire to be excluded from the Settlement and from the Settlement Class. You must mail your opt-out request to the Settlement Administrator **postmarked by** <<**sixty (60) days from the Notice**>>, to:

*In re HCA Healthcare, Inc., Data Security Litigation*
c/o Kroll Settlement Administration LLC
P.O. Box 225391
New York, NY 10150-5391

If you do not timely submit the opt-out request, it will result in the Settlement Class Member being bound by the terms of the Settlement. Any Settlement Class Member who submits a timely opt-out request may not make any objections to the Settlement and shall be deemed to have waived any rights or benefits under this Settlement Agreement.

## OBJECTING TO THE SETTLEMENT

**15. How do I tell the Court that I do not like the Settlement?**

Questions? Go to www.website.com or call (XXX) XXX-XXXX

Case 3:23-cv-00684    Document 177-1    Filed 05/05/25    Page 45 of 73 PageID #: 2037

You can tell the Court that you do not agree with the Settlement, or some part of it by objecting to the Settlement. For an objection to be a valid objection under the Settlement, it must be mailed to Lead Counsel and Defendant's counsel at the addresses listed below, postmarked by **no later than << sixty (60) days from the Notice Date>>.**

| Lead Counsel | Defendant's Counsel |
|---|---|
| J. Gerard Stranch, IV<br>gstranch@stranchlaw.com<br>Grayson Wells<br>gwells@stranchlaw.com<br>STRANCH, JENNINGS & GARVEY, PLLC<br>223 Rosa L. Parks Avenue, Suite 200<br>Nashville, TN 37203<br><br>Jean Martin<br>MORGAN & MORGAN COMPLEX<br>LITIGATION GROUP<br>jeanmartin@forthepeople.com<br>201 North Franklin Street, 7th Floor<br>Tampa, FL 33602 | Andrew B. Clubok<br>Andrew.clubok@lw.com<br>Susan E. Engel<br>Susan.engel@lw.com<br>LATHAM & WATKINS LLP<br>555 Eleventh Street NW, Suite 1000<br>Washington, D.C. 20004<br><br>Melanie M. Blunschi<br>Melanie.blunschi@lw.com<br>LATHAM & WATKINS LLP<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111<br><br>Marissa Alter-Nelson<br>Marissa.Alter-Nelson@lw.com<br>LATHAM & WATKINS LLP<br>1271 Avenue of the Americas<br>New York, NY 10020 |

The objection must state:

    (i)    the objector's full name and address;

    (ii)    the case name and docket number – *In re HCA Healthcare, Inc. Data Security Litigation*, Case No. 3:23-cv-00684 (M.D. Tenn.);

    (iii)    information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of the objector's settlement notice, copy of original notice of the Data Incident, the Class Members' unique ID as displayed on the Notice or obtained from the Settlement Administrator, or a statement explaining why the objector believes they are a Settlement Class Member);

    (iv)    a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable;

    (v)    the identity of any and all counsel representing the objector in connection with the objection;

    (vi)    a statement whether the objector and/or their counsel will appear at the Final Approval Hearing; and

    (vii)    the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (if any) representing them in connection with the objection.

**Questions? Go to www.website.com or call (XXX) XXX-XXXX**

8

**16. What is the difference between objecting and asking to be excluded?**

Objecting is telling the Court that you do not like the Settlement or parts of it and why you do not think it should be approved. You can object only if you are a Settlement Class Member. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class and do not want to receive any benefit from the Settlement.

## THE LAWYERS REPRESENTING YOU

**17. Do I have a lawyer in this case?**

Yes. The Court appointed Jean Martin of Morgan & Morgan Complex Litigation Group and J. Gerard Stranch, IV of Stranch, Jennings & Garvey, PLLC, as Lead Counsel to represent the Settlement Class in Settlement negotiations. The Court also appointed Jillian Dent of Stueve Siegel Hanson LLP, Sabita Soneji of Tycko & Zavareei LLP, Gary Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC, Jeffrey Ostrow of Kopelowitz Ostrow Ferguson Weiselberg Gilbert P.A., and James Pizzirusso of Hausfeld LLP as an Executive Committee. If you want to be represented by your own lawyer, you may hire one at your own expense.

**18. How will the Lead Counsel be paid?**

Lead Counsel may request an amount up to $3,100,000 from the Court for their attorneys' fees, costs, and expenses. Defendant shall separately pay the attorneys' fees, costs, and expenses awarded by the Court to Lead Counsel, in addition to and without diminishing the value of the Settlement to the Class. Such attorneys' fees, costs, and expenses shall be paid in the amount approved by the Court. The amount of attorneys' fees and expenses to be awarded will be decided by the Court upon consideration of the complete factual record before the Court at the Final Approval Hearing, provided that the amount does not exceed $3,100,000.

The motion for attorneys' fees, costs, and expenses must be filed at least 20 days before the deadline for filing objections to the Settlement.

The Parties agree that Settlement Class Representatives and Lead Counsel may seek a Service Award to each Settlement Class Representative not to exceed $5,000. Defendant shall pay the Service Award(s) approved by the Court to the Settlement Class Representative. Any requests for such an award must be filed at least 20 days before the deadline for filing objections to the Settlement.

## THE COURT'S FINAL APPROVAL HEARING

**19. When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Final Approval Hearing on <<Date>> at <<Time>> CT, at the <<Court Address>>, Room ____ as ordered by the Court. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are timely and valid objections, the Court will consider them and will listen to people who have asked to speak at the hearing if such a request has been properly made. The Court will also rule on the attorneys' fees, costs, and Service Awards payments. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take. The hearing may be moved to a different date or time without additional notice, so Lead Counsel recommends checking the Settlement Website **www.website.com**, or calling **(XXX) XXX-XXXX**.

Questions? Go to www.website.com or call (XXX) XXX-XXXX

Case 3:23-cv-00684    Document 177-1    Filed 05/05/25    Page 47 of 73 PageID #: 2039

Docusign Envelope ID: 1BBE1DF8-5C4B-4459-B0BA-AAE994AF0E01

### 20. Do I have to attend the hearing?

No. Lead Counsel will present the Settlement Class to the Court. You or your own lawyer are welcome to attend at your expense, but you are not required to do so. If you send an objection, you do not have to visit the Court to talk about it. As long as you filed your written objection on time with the Court and mailed it according to the instructions provided in Question 15, the Court will consider it.

### 21. May I speak at the hearing?

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must file an objection according to the instructions in Question 15, including all the information required. Your objection must be **mailed** Lead Counsel and Defendant's counsel, at the mailing addresses listed above, **postmarked by no later than <<sixty (60) days from the Notice Date>>**.

### IF YOU DO NOTHING

### 22. What happens if I do nothing?

If you do nothing, you will not receive any Settlement Benefits from this Settlement. If the Settlement is granted final approval and becomes final, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendant or the Released Claims based on any claim that could have been or that was brought relating to the Data Incident.

### ADDITIONAL INFORMATION

### 23. How do I get more information?

This Notice summarizes the Settlement. More details are in the Settlement Agreement itself. A copy of the Settlement Agreement is available at **www.website.com**.You may also call the Settlement Administrator with questions or to receive a Claim Form at **(XXX) XXX-XXXX**.

### 24. What if my contact information changes or I no longer live at my address?

It is your responsibility to inform the Settlement Administrator of your updated information. You may do so at the address below, calling toll-free **(XXX) XXX-XXXX** or at the Contact page of the Settlement Website:

*In re HCA Healthcare, Inc., Data Security Litigation*
c/o Kroll Settlement Administration LLC
P.O. Box 225391
New York, NY 10150-5391

### PLEASE DO NOT CONTACT THE COURT, CLERK OF THE COURT OR LEAD COUNSEL FOR INFORMATION ABOUT THE CLASS ACTION SETTLEMENT

# EXHIBIT D

# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| IN RE: HCA HEALTHCARE, INC. DATA SECURITY LITIGATION | No. 3:23-cv-00684 |
|---|---|
| | District Judge Zouhary |
| | Magistrate Judge Frensley |

## [PROPOSED] PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF THE CLASS SETTLEMENT

Before the court is plaintiffs' unopposed motion for preliminary approval of the proposed class-wide settlement. Specifically, Plaintiffs seek an order (1) conditionally certifying the Class for the purposes of Settlement only, (2) appointing Plaintiffs as Class Representatives, (3) affirming their counsel's appointment as Lead Class Counsel, (4) approving the substance and form of the notice plan and related documents, (5) preliminarily approving the settlement as within range of possible final approval, and (6) ordering the settlement administrator to conduct the notice plan. For the reasons stated below, the Courts grants the motion.

**WHEREAS,** the above-captioned class action is pending in this Court (the "Action");

**WHEREAS,** Plaintiffs, individually and on behalf of all others similarly situated ("Plaintiffs") and Defendant HCA Healthcare, Inc., ("Defendant" or "HCA") have entered into a Settlement Agreement (the "Settlement Agreement") that settles the above-captioned litigation and provides for a complete dismissal with prejudice of the claims asserted against Defendant in the Action on the terms and conditions set forth in the Settlement Agreement, subject to the approval of the Court;

**WHEREAS,** Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Settlement Agreement, certifying the Settlement Class for purposes of the Settlement only,

appointing Plaintiffs as Class Representatives, appointing Class Counsel as counsel for the Settlement Class, appointing Kroll Settlement Administration LLC ("Kroll") as Settlement Administrator, and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed, and arguments made in connection therewith; and (b) the Settlement Agreement and exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, the capitalized terms herein shall have the same meaning as they have in the Settlement Agreement.

Having fully considered the issue, the Court hereby **GRANTS** Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, and **ORDERS** as follows:

1.    **Jurisdiction**: The Court, pursuant to 28 U.S.C. § 1332, has jurisdiction over the Action, Plaintiffs, Settlement Class Members, Defendant, and any party to any agreement that is part of or related to the Settlement Agreement.

2.    **Class Certification for Settlement Purposes Only**. For settlement purposes only and pursuant to Fed. R. Civ. P. 23(b)(3) and (e), the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class in this matter defined as follows:

All current HCA patients residing in the United States whose personal information was compromised in the Data Incident.

3.    The Settlement Class is likely to include millions of people. The Settlement Class specifically excludes: (i) HCA's officers, directors, legal representatives, successors, subsidiaries, and assigns; and (ii) any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

4.    **Class Findings**: The Court provisionally finds, for settlement purposes only, that:

2

(a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact common to the Settlement Class; (c) the claims of the Class Representatives are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Class Representatives and Settlement Class Counsel will fairly and adequately protect the interests of the Settlement Class as the Class Representatives have no interests antagonistic to or in conflict with the Settlement Class and has retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this controversy.

5. **Class Representatives and Settlement Class Counsel**: The Court finds that Plaintiffs will likely satisfy the requirements of Rule 23(e)(2)(A) of the Federal Rules of Civil Procedure and are hereby provisionally designated and appointed as the Class Representatives. The Court provisionally finds that, for settlement purposes only, the Class Representatives are similarly situated to absent Settlement Class Members and therefore typical of the Settlement Class and that they will be adequate Class Representatives. The Court further finds that J. Gerard Stranch, IV of Stranch, Jennings, & Garvey, PLLC and Jean Martin of Morgan & Morgan Complex Litigation Group will likely satisfy the requirements of Rule 23(e)(2)(A) of the Federal Rules of Civil Procedure as experienced and adequate counsel and is hereby provisionally designated as Settlement Class Counsel pursuant to Rule 23(g)(1) of the Federal Rules of Civil Procedure. Indeed, the Court has already appointed these counsel as interim co-leads, along with the rest of leadership slate. These attorneys are well-qualified to represent consumers in class action litigation and are certainly adequate here.

3

6.      **Preliminary Settlement Approval**. The Court hereby preliminarily approves the Settlement, as embodied in the Settlement Agreement, as being fair, reasonable and adequate to the Settlement Class, subject to further consideration at the Final Approval Hearing to be conducted as described below. Pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, the Parties have shown that the Court will likely be able to approve the Settlement Agreement under Rule 23(e)(2) of the Federal Rules of Civil Procedure, which requires the Court to consider the following factors in determining whether a proposed settlement is fair, reasonable, and adequate:

(A) the class representatives and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:

(i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreement required to be identified under Rule 23(e)(3) of the Federal Rules of Civil Procedure; and

(D) the proposal treats class members equitably relative to each other.

After considering the benefits provided to the Settlement Class through the Settlement, the specific risks faced by the Settlement Class in prevailing on their claims, the negotiations between the Parties, the effectiveness of the proposed method for distributing Notice and benefits to the Settlement Class, and the proposed manner of allocating benefits to Settlement Class Members,

4

solely for the purposes of preliminary approval, the Court finds: (a) Plaintiffs and Plaintiffs' Counsel have adequately represented the Settlement Class; (b) the Settlement is the result of good faith, arms' length negotiations conducted between experienced counsel; (c) the relief provided is adequate when considering (i) the substantial costs, risks, and delay of continued litigation, (ii) the proposed method for processing Settlement Class Members' claims and distributing relief to eligible claimants is substantially similar to other data security class action settlements, which has been found to be effective in these types of settlements, and (iii) the reasonable and standard conditions under which the Parties may terminate the Settlement; and (d) the Settlement treats Settlement Class Members equitably relative to one another.

7. **Final Approval Hearing**. A Final Approval Hearing shall be held at \_\_\_:\_\_.m. on \_\_\_\_\_, 2025, in the United States District Court for the Middle District of Tennessee, at the Fred D. Thompson U.S. Courthouse and Federal Building, 719 Church Street, Nashville, TN 37203 or via Zoom or by phone to determine, among other things, whether: (a) this Action should be finally certified as a class action for settlement purposes only pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (b) the Settlement should be approved as fair, reasonable, and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) this Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members (who have not timely and validly excluded themselves from the Settlement) should be bound by the releases set forth in the Settlement Agreement; (e) Settlement Class Counsel's motion for attorneys' fees and costs should be approved pursuant to Fed. R. Civ. P. 23(h); and (f) Settlement Class Counsel's motion for Service Award for the Class Representatives should be approved. Notice of the Settlement and the Final Approval Hearing shall be given to the Settlement Class Members as set forth herein.

8. The Court retains jurisdiction to consider all further requests or matters arising out

of or connected with the proposed Settlement, may adjourn the Final Approval Hearing without further notice to the Settlement Class Members, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class Members.

9. **Retention of Settlement Administrator and Manner of Giving Notice**. The Parties are authorized to retain Kroll (the "Settlement Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as set forth in the Settlement Agreement and the Notices and Claim Form attached to the Settlement Agreement as Exhibits A–C. Notice of the Settlement and the Final Approval Hearing shall be given as follows:

a) Within ten days of this Order, Defendant shall provide the Settlement Class List to the Settlement Administrator;

b) Within forty-five days of this Order, the Settlement Administrator shall distribute Notice to the Settlement Class Members in the manner set forth in the Settlement Agreement; and

c) Before the Notice is provided to the Settlement Class, the Settlement Administrator shall establish the Settlement Website as set forth in the Settlement Agreement.

10. **Approval of Form and Content of Notice**. The Court (a) approves, as to form and content, the Claim Form, the Email Notice, and the Long-Form Notice, attached to the Settlement Agreement as Exhibits A–C, and (b) finds that the Notice provided to Settlement Class Members as set forth in the Settlement Agreement (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise the

6

Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the releases to be provided thereunder), of Class Counsel's request attorneys' fees and costs and Class Representatives' request for Service Award, of Settlement Class Members' right to object to the Settlement, and of their right to appear at the Final Approval Hearing; (iii) constitutes due, adequate and sufficient notice to all persons entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules. The Court further finds that the Notice provided for in the Settlement Agreement is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members. The date and time of the Final Approval Hearing shall be included in the Notice before it is distributed.

11. **Participation in the Settlement**. Settlement Class Counsel and Defendant have created a process for Settlement Class Members to claim benefits under the Settlement. The Court preliminarily approves this process and directs the Settlement Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice. The Settlement Administrator will be responsible for effectuating the notice and claims process.

12. Settlement Class Members who wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form and must do so within ninety days after the Notice Date. If a Final Approval Order and Judgment is entered, all Settlement Class Members who do not submit valid and timely Request for Exclusion, as set forth in the Settlement Agreement, shall be forever barred from receiving any Settlement benefit, and will be subject to and bound by the provisions in the Settlement Agreement, the

7

Release included in that Settlement Agreement, and the Final Approval Order and Judgment.

13. **Class Action Fairness Act Notice**. Within fifteen days after the filing of the Motion for Preliminary Approval of Class Action Settlement, the Settlement Administrator acting on behalf of Defendant shall have served or caused to be served a notice of the proposed Settlement on the appropriate officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

14. **Claims Process and Distribution and Allocation Plan**. The Parties have created a process for assessing and determining the validity and value of claims and a payment methodology to Settlement Class Members who submit a timely, valid Claim Forms. The Court preliminarily approves the claims process described in the Settlement Agreement and directs that the Settlement Administrator effectuate the distribution of Settlement consideration according to the terms of the Settlement Agreement, should the Settlement be finally approved.

15. **Exclusion from Class**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written notification of their intent to exclude themselves from the Settlement Class to the Settlement Administrator at the address provided in the Notice, postmarked no later than 60 days after the Notice Date (the "Opt-Out Deadline"). The written notification must follow the procedures outlined in the Settlement Agreement.

16. Any Settlement Class Member who does not timely and validly exclude themselves from the Settlement shall be bound by the terms of the Settlement Agreement. If a Final Approval Order and Judgment is entered, any Settlement Class Member who has not submitted a valid Request for Exclusion from the Settlement Class shall be bound by all proceedings, orders, and judgments in this matter, including but not limited to the Release set forth in the Final Approval Order and Judgment, including Settlement Class Members who have previously initiated or who

8

subsequently initiate any litigation against any or all of the Released Parties relating to the Released Claims. All Settlement Class Members who submit valid and timely Requests for Exclusion from the Settlement Class shall not be entitled to receive any benefits of the Settlement.

17. **Objections and Appearances**. No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court, unless the objection is mailed to Settlement Class Counsel and counsel for Defendant or filed with the Clerk of Court and served concurrently on Class Counsel and counsel for Defendant no later than 60 days after the Notice Date (the "Objection Deadline") as specified in the Settlement Agreement. To be a valid objection, the objection must state: (i) the objector's full name and address; (ii) the case name and docket number – *In re HCA Healthcare, Inc. Data Security Litigation*, Case No. 3:23-cv-00684 (M.D. Tenn.); (iii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of the objector's settlement notice, copy of original notice of the Data Incident, the Class Members' unique ID as displayed on the Notice or obtained from the Settlement Administrator, or a statement explaining why the objector believes they are a Settlement Class Member); (iv) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (v) the identity of any and all counsel representing the objector in connection with the objection; (vi) a statement whether the objector and/or their counsel will appear at the Final Approval Hearing; and (vii) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (if any) representing them in connection with the objection. To be timely, written notice of an objection in the appropriate form must be mailed, with a postmark date no later than sixty days from the Notice Date to Settlement Class Counsel and HCA's counsel as

described in Section 13, *infra*. The objector or their counsel may also file objection with the Court through the Court's ECF system, with service on Settlement Class Counsel and Defendant's Counsel made through the ECF system. For all objections mailed to Settlement Class Counsel and Defendant's Counsel, Settlement Class Counsel will file them with the Court as an exhibit to the Motion for Final Approval.

18.     **Termination of Settlement**. This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing as of the date of the execution of the Settlement Agreement, if the Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

19.     **Use of Order**. This Order shall be of no force or effect if a Final Approval Order and Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, liability, or the certifiability of any class. Nor shall this Order be construed or used as an admission, concession, or declaration by or against the Settlement Class Representatives or any other Settlement Class Member that their claim lacks merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claim he, she, or it may have in this litigation or in any other lawsuit.

20.     **Stay of Proceedings and Temporary Injunction**. Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement. Pending final determination of

whether the Settlement should be approved, the Court bars and enjoins Plaintiffs, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Claims against the Released Entities.

21.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

22.     **Summary of Deadlines**. The preliminarily approved Settlement shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement Agreement and this Order include but are not limited to:

| Event | Date |
|---|---|
| Settlement Administrator to Provide CAFA Notice Required by 28 U.S.C. § 1715(b) | No later than 15 days after Plaintiffs' Motion for Preliminary Approval is filed with the Court |
| Defendant to Provide Contact Information for Settlement Class Members to Settlement Administrator | Within 10 days after Entry of Preliminary Approval Order |
| Notice Date | 45 days after entry of Preliminary Approval Order |
| Postmark Deadline for Request for Exclusion ("Opt-Out") or Objections | 60 days after the Notice Date |
| Postmark/Filing Deadline to Submit Claims | 90 days after the Notice Date |
| Deadline for Plaintiffs to file their Motion for Fees, Expenses, and Service Awards | No later than 20 days before the Final Approval Hearing |
| Deadline for Plaintiffs to file their Motion for Final Approval | No later than 14 days before the Final Approval Hearing but may be combined with the motion for fees and Service Awards. |
| Final Approval Hearing | [DATE, TIME, and LOCATION] |

Docusign Envelope ID: 1BBE1DF8-5C4B-4459-B0BA-AAE994AF0E01

**IT IS SO ORDERED** this ___ day of _____, 2025.

_____

Hon. Judge Zouhary

12

Docusign Envelope ID: 1BBE1DF8-5C4B-4459-B0BA-AAE994AF0E01

# EXHIBIT E

Docusign Envelope ID: 1BBE1DF8-5C4B-4459-B0BA-AAE994AF0E01

# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| IN RE: HCA HEALTHCARE, INC. DATA SECURITY LITIGATION | No. 3:23-cv-00684 |
| | District Judge Zouhary |
| | Magistrate Judge Frensley |

## [PROPOSED] PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF THE CLASS SETTLEMENT

Before the Court is Plaintiffs Unopposed Motion for Final Approval of the Class Action Settlement, and Memorandum in support. Having reviewed and considered the Settlement Agreement, the Unopposed Motion for Final Approval of Class Action Settlement, and all supporting papers, and having conducted a Final Approval Hearing, the Court makes the following findings and grants the relief set forth below approving the Settlement upon the terms and conditions set forth in this Final Order and Judgment.

**THE COURT** not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**THE COURT** makes the findings and conclusions hereinafter set forth for the limited purpose of determining whether the Settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class, for settlement purposes only.

**IT IS ORDERED** that:

1.     The Settlement does not constitute an admission of liability by Defendant, and the Court expressly does not make any finding of liability or wrongdoing by Defendant.

2.     The Court, for the purposes of this Final Order and Judgment, adopts the defined terms as forth in the Settlement Agreement for any term not otherwise defined herein.

3.     On _____, the Court entered an order, which among other things: (a) approved the Notice to the Settlement Class, including approval of the form and manner of notice under the Notice Program set forth in the Settlement Agreement; (b) provisionally certified a Settlement Class in this matter for settlement purposes only, including defining the Settlement Class, appointed Plaintiffs as the Class Representatives, and appointed Settlement Class Counsel; (c) preliminarily approved the Settlement; (d); set deadlines for opt-outs and objections; (e) approved and appointed the Settlement Administrator; and (f) set the date for the Final Approval Hearing.

4.     In the Order Granting Preliminary Approval of Class Action Settlement, pursuant to Rule 23(b)(3) and 23(e), for settlement purposes only, the Court certified the Settlement Class, defined as follows:

> All current HCA patients residing in the United States whose personal information was compromised in the Data Incident.

5.     The Settlement Class specifically excludes: (i) HCA's officers, directors, legal representatives, successors, subsidiaries, and assigns; and (ii) any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

6.     The Court, having reviewed the terms of the Settlement Agreement submitted by the parties pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, grants final approval of the Settlement Agreement and defines the Settlement Class as defined therein and in the Preliminary Approval Order, and finds that the settlement is fair, reasonable, and adequate and meets the requirements of Rule 23, and that the notice program afforded appropriate due process, with a reach of __%.

7.     The terms of the Settlement Agreement are fair, reasonable, and adequate and are hereby finally approved, adopted, and incorporated by the Court. The Parties, their respective

2

attorneys, and the Settlement Administrator are hereby directed to consummate the Settlement in accordance with this Final Order and Judgment and the terms of the Settlement Agreement.

8.     Notice of the Final Approval Hearing and the Plaintiffs' Motion for Attorneys' Fees and Service Awards have been provided to Settlement Class Members as directed by this Court's Orders, and a declaration of the Settlement Administrator's compliance with the Notice Program has been filed with the Court.

9.     The Court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Rule 23(c)(2) of the Federal Rules of Civil Procedure. The Court finds that the notice program was reasonably calculated to, and did, provide due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and their rights to object to and appear at the Final Approval Hearing or to exclude themselves from the Settlement, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.

10.     The Court readopts and incorporates by reference its preliminary conclusions as to the satisfaction of the Federal Rules of Civil Procedure 23(a) and (b)(3) set forth in the Preliminary Approval Order. The Court notes that because this certification of the Settlement Class is in connection with the Settlement Agreement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the Settlement Class in the Settlement Agreement.

11.     As of the final date of the Opt-Out Deadline, __ Settlement Class Member have submitted timely and valid requests for exclusion from the Settlement Class, attached hereto as

3

Docusign Envelope ID: 1BBE1DF8-5C4B-4459-B0BA-AAE994AF0E01

Exhibit A. Those persons are not bound by this Final Order and Judgment, as set forth in the Settlement Agreement.

12. ___ valid objections were filed by Settlement Class Members.

13. The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

14. Pursuant to the Settlement Agreement, Settlement Class Counsel, Defendant's Counsel, and the Settlement Administrator shall implement the Settlement in the manner and time frame as set forth therein. Pursuant to the Settlement Agreement, Plaintiffs and the Settlement Class Members are deemed to have completely and unconditionally released, forever discharged, and acquitted the Released Parties from all Released Claims, including Unknown Claims, as set forth and defined in the Settlement Agreement. Plaintiffs and Settlement Class Members are further barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, the Released Claims. The full terms of the Releases described herein are set forth fully in the Settlement Agreement, and the Releases are hereby approved and incorporated by reference.

15. Released Claims shall not include the right of any Settlement Class Member or the Released Parties to enforce the terms of the Settlement contained in the Settlement Agreement and shall not include the claims of those persons identified in Attachment ___ to the Declaration of _____—filed as an exhibit to Plaintiffs' Motion for Final Approval—who have timely and validly requested exclusion from the Settlement Class.

4

16.     Upon the Effective Date, each Settlement Class Member who did not timely and validly excluded himself or herself from the Settlement, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims as against all Released Parties. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member who has not timely and validly excluded himself or herself from the Settlement, including Plaintiffs, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims is asserted.

17.     Upon the Effective Date, Defendant shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, each and all of the Settlement Class Members, and Settlement Class Counsel of all claims based on or arising out of the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims, except for enforcement of the Settlement Agreement and except as to Settlement Class Members who submitted a timely and valid Request for Exclusion from the Settlement.

18.     The Court affirms its appointment of Plaintiffs as Class Representatives. The Court concludes that the Class Representatives have fairly and adequately represented the Settlement Class and will continue to do so.

19.     The Court affirms its appointment of J. Gerard Stranch, IV of Stranch, Jennings & Garvey, PLLC and Jean Martin of Morgan & Morgan Complex Litigation Group as Settlement Class Counsel.

Docusign Envelope ID: 1BBE1DF8-5C4B-4459-B0BA-AAE994AF0E01

20.    This Final Order and Judgment and the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendant of any claim, any fact alleged in the Action, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendant's or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the Action. This Final Order and Judgment, the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs, any Settlement Class Member, or any other person has suffered any damage; provided, however, that the Settlement Agreement and this Final Order and Judgment may be filed in any action by Defendant, Settlement Class Counsel, or Settlement Class Members seeking to enforce the Settlement Agreement or the Final Order and Judgment (including, but not limited to, enforcing the releases contained herein). The Settlement Agreement and Final Order and Judgment shall not be construed or be deemed admissible as an admission by Defendant that Plaintiffs' claims or any claims that were or could have been asserted in the Action are suitable for class treatment or any other litigation purpose. The Settlement Agreement's terms shall be forever binding on, and shall have res judicata, collateral estoppel, and all other preclusive effect in all pending and future causes of action, claims for relief, suits, demands, petitions, lawsuits, or other challenges or proceedings as to Released Claims and other prohibitions set forth in this Final Order and Judgment that are maintained by, or on behalf of, any Settlement Class Member or any other person subject to the provisions of this Final Order and Judgment.

21. If the Effective Date does not occur for any reason, this Final Order and Judgment and the Preliminary Approval Order shall be deemed vacated, and shall have no force and effect whatsoever; the Settlement Agreement shall be considered null and void; all of the Parties' obligations under the Settlement Agreement, the Preliminary Approval Order, and this Final Order and Judgment and the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated nunc pro tunc, and the Parties shall be restored to their respective positions in the Action, as if the Parties never entered into the Settlement Agreement (without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue). In such event, the Parties will jointly request that all scheduled litigation deadlines be reasonably extended by the Court so as to avoid undue prejudice.

22. Without affecting the finality of this Final Order and Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes.

23. In accordance with Rule 23, this Final Order and Judgment resolves all claims against all parties in this Action and is a final order. There is no just reason to delay the entry of final judgment in this matter, and the Clerk is directed to file this Final Order and Judgment as the final judgment in this matter.

24. **Final Judgment and Dismissal.** Pursuant to the terms of the Settlement, it is hereby ORDERED AND ADJUDGED that this Action is hereby dismissed **with prejudice** on the merits, with each side to bear its own costs and attorneys' fees, except as provided under the terms of the Settlement. This is the FINAL JUDGMENT of the Court in this Action.

Docusign Envelope ID: 1BBE1DF8-5C4B-4459-B0BA-AAE994AF0E01

**IT IS SO ORDERED** this ___ day of _____, 2025.

_____
Hon. Judge Zouhary
United States District Court Judge

8

# EXHIBIT F

## Proposed Security Commitments for Settlement Agreement



Docusign Envelope ID: 1BBE1DF8-5C4B-4459-B0BA-AAE994AF0E01

