IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: HCA HEALTHCARE, INC. DATA SECURITY LITIGATION | Case No. 3:23-cv-00684<br><br>Hon. Jack Zouhary |

## ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF THE CLASS SETTLEMENT

Before the court is plaintiffs' unopposed motion for preliminary approval of the proposed class-wide settlement. Specifically, Plaintiffs seek an order (1) conditionally certifying the Class for the purposes of Settlement only, (2) appointing Plaintiffs as Class Representatives, (3) affirming their counsel's appointment as Lead Class Counsel, (4) approving the substance and form of the notice plan and related documents, (5) preliminarily approving the settlement as within range of possible final approval, and (6) ordering the settlement administrator to conduct the notice plan. For the reasons stated below, the Courts grants the motion.

**WHEREAS,** the above-captioned class action is pending in this Court (the "Action");

**WHEREAS**, Plaintiffs, individually and on behalf of all others similarly situated ("Plaintiffs") and Defendant HCA Healthcare, Inc., ("Defendant" or "HCA") have entered into a Settlement Agreement (the "Settlement Agreement") that settles the above-captioned litigation and provides for a complete dismissal with prejudice of the claims asserted against Defendant in the Action on the terms and conditions set forth in the Settlement Agreement, subject to the approval of the Court;

WHEREAS, Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Settlement Agreement, certifying the Settlement Class for purposes of the Settlement only, appointing Plaintiffs as Class Representatives, appointing Class Counsel as counsel for the Settlement Class, appointing Kroll Settlement Administration LLC ("Kroll") as Settlement Administrator, and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed, and arguments made in connection therewith; and (b) the Settlement Agreement and exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, the capitalized terms herein shall have the same meaning as they have in the Settlement Agreement.

Having fully considered the issue, the Court hereby **GRANTS** Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, and **ORDERS** as follows:

1. **Jurisdiction:** The Court, pursuant to 28 U.S.C. § 1332, has jurisdiction over the Action, Plaintiffs, Settlement Class Members, Defendant, and any party to any agreement that is part of or related to the Settlement Agreement.

2. **Class Certification for Settlement Purposes Only**. For settlement purposes only and pursuant to Fed. R. Civ. P. 23(b)(3) and (e), the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class in this matter defined as follows:

> All current HCA patients residing in the United States whose personal information was compromised in the Data Incident.

3. The Settlement Class is likely to include millions of people. The Settlement Class specifically excludes: (i) HCA's officers, directors, legal representatives, successors, subsidiaries,

and assigns; and (ii) any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

4. **Class Findings**: The Court provisionally finds, for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact common to the Settlement Class; (c) the claims of the Class Representatives are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Class Representatives and Settlement Class Counsel will fairly and adequately protect the interests of the Settlement Class as the Class Representatives have no interests antagonistic to or in conflict with the Settlement Class and has retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this controversy.

5. **Class Representatives and Settlement Class Counsel**: The Court finds that Plaintiffs will likely satisfy the requirements of Rule 23(e)(2)(A) of the Federal Rules of Civil Procedure and are hereby provisionally designated and appointed as the Class Representatives. The Court provisionally finds that, for settlement purposes only, the Class Representatives are similarly situated to absent Settlement Class Members and therefore typical of the Settlement Class and that they will be adequate Class Representatives. The Court further finds that J. Gerard Stranch, IV of Stranch, Jennings, & Garvey, PLLC and Jean Martin of Morgan & Morgan Complex Litigation Group will likely satisfy the requirements of Rule 23(e)(2)(A) of the Federal Rules of Civil Procedure as experienced and adequate counsel and is hereby provisionally designated as Settlement Class Counsel pursuant to Rule 23(g)(1) of the Federal Rules of Civil

Procedure. Indeed, the Court has already appointed these counsel as interim co-leads, along with the rest of leadership slate. These attorneys are well-qualified to represent consumers in class action litigation and are certainly adequate here.

6. **<u>Preliminary Settlement Approval</u>**. The Court hereby preliminarily approves the Settlement, as embodied in the Settlement Agreement, as being fair, reasonable and adequate to the Settlement Class, subject to further consideration at the Final Approval Hearing to be conducted as described below. Pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, the Parties have shown that the Court will likely be able to approve the Settlement Agreement under Rule 23(e)(2) of the Federal Rules of Civil Procedure, which requires the Court to consider the following factors in determining whether a proposed settlement is fair, reasonable, and adequate:

(A) the class representatives and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:

    (i) the costs, risks, and delay of trial and appeal;

    (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

    (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

    (iv) any agreement required to be identified under Rule 23(e)(3) of the Federal Rules of Civil Procedure; and

(D) the proposal treats class members equitably relative to each other.

After considering the benefits provided to the Settlement Class through the Settlement, the specific risks faced by the Settlement Class in prevailing on their claims, the negotiations between the Parties, the effectiveness of the proposed method for distributing Notice and benefits to the Settlement Class, and the proposed manner of allocating benefits to Settlement Class Members, solely for the purposes of preliminary approval, the Court finds: (a) Plaintiffs and Plaintiffs' Counsel have adequately represented the Settlement Class; (b) the Settlement is the result of good faith, arms' length negotiations conducted between experienced counsel; (c) the relief provided is adequate when considering (i) the substantial costs, risks, and delay of continued litigation, (ii) the proposed method for processing Settlement Class Members' claims and distributing relief to eligible claimants is substantially similar to other data security class action settlements, which has been found to be effective in these types of settlements, and (iii) the reasonable and standard conditions under which the Parties may terminate the Settlement; and (d) the Settlement treats Settlement Class Members equitably relative to one another.

7. **<u>Final Approval Hearing</u>**. A Final Approval Hearing shall be held at **9:30 AM on October 27, 2025**, in the United States District Court for the Middle District of Tennessee, at the Fred D. Thompson U.S. Courthouse and Federal Building, 719 Church Street, Nashville, TN 37203 (or with permission via Zoom or by phone) to determine, among other things, whether: (a) this Action should be finally certified as a class action for settlement purposes only pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (b) the Settlement should be approved as fair, reasonable, and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) this Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members (who have not timely and validly excluded themselves from the Settlement) should be bound by the releases set forth in the Settlement Agreement; (e) Settlement Class Counsel's motion

for attorneys' fees and costs should be approved pursuant to Fed. R. Civ. P. 23(h); and (f) Settlement Class Counsel's motion for Service Award for the Class Representatives should be approved. Notice of the Settlement and the Final Approval Hearing shall be given to the Settlement Class Members as set forth herein.

8. The Court retains jurisdiction to consider all further requests or matters arising out of or connected with the proposed Settlement, may adjourn the Final Approval Hearing without further notice to the Settlement Class Members, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class Members.

9. **Retention of Settlement Administrator and Manner of Giving Notice**. The Parties are authorized to retain Kroll (the "Settlement Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as set forth in the Settlement Agreement and the Notices and Claim Form attached to the Settlement Agreement as Exhibits A–C. Notice of the Settlement and the Final Approval Hearing shall be given as follows:

    a) Within ten days of this Order, Defendant shall provide the Settlement Class List to the Settlement Administrator;

    b) Within forty-five days of this Order, the Settlement Administrator shall distribute Notice to the Settlement Class Members in the manner set forth in the Settlement Agreement; and

    c) Before the Notice is provided to the Settlement Class, the Settlement Administrator shall establish the Settlement Website as set forth in the Settlement Agreement.

6

10. **Approval of Form and Content of Notice**. The Court (a) approves, as to form and content, the Claim Form, the Email Notice, and the Long-Form Notice, attached to the Settlement Agreement as Exhibits A–C, and (b) finds that the Notice provided to Settlement Class Members as set forth in the Settlement Agreement (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the releases to be provided thereunder), of Class Counsel's request attorneys' fees and costs and Class Representatives' request for Service Award, of Settlement Class Members' right to object to the Settlement, and of their right to appear at the Final Approval Hearing; (iii) constitutes due, adequate and sufficient notice to all persons entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules. The Court further finds that the Notice provided for in the Settlement Agreement is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members. The date and time of the Final Approval Hearing shall be included in the Notice before it is distributed.

11. **Participation in the Settlement**. Settlement Class Counsel and Defendant have created a process for Settlement Class Members to claim benefits under the Settlement. The Court preliminarily approves this process and directs the Settlement Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice. The Settlement Administrator will be responsible for effectuating the notice and claims process.

12. Settlement Class Members who wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form and must do so within ninety days after the Notice Date. If a Final Approval Order and Judgment is entered, all Settlement Class Members who do not submit valid and timely Request for Exclusion, as set forth in the Settlement Agreement, shall be forever barred from receiving any Settlement benefit, and will be subject to and bound by the provisions in the Settlement Agreement, the Release included in that Settlement Agreement, and the Final Approval Order and Judgment.

13. **Class Action Fairness Act Notice**. Within fifteen days after the filing of the Motion for Preliminary Approval of Class Action Settlement, the Settlement Administrator acting on behalf of Defendant shall have served or caused to be served a notice of the proposed Settlement on the appropriate officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

14. **Claims Process and Distribution and Allocation Plan**. The Parties have created a process for assessing and determining the validity and value of claims and a payment methodology to Settlement Class Members who submit a timely, valid Claim Forms. The Court preliminarily approves the claims process described in the Settlement Agreement and directs that the Settlement Administrator effectuate the distribution of Settlement consideration according to the terms of the Settlement Agreement, should the Settlement be finally approved.

15. **Exclusion from Class**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written notification of their intent to exclude themselves from the Settlement Class to the Settlement Administrator at the address provided in the Notice, postmarked no later than 60 days after the Notice Date (the "Opt-Out Deadline"). The written notification must follow the procedures outlined in the Settlement Agreement.

16. Any Settlement Class Member who does not timely and validly exclude themselves from the Settlement shall be bound by the terms of the Settlement Agreement. If a Final Approval Order and Judgment is entered, any Settlement Class Member who has not submitted a valid Request for Exclusion from the Settlement Class shall be bound by all proceedings, orders, and judgments in this matter, including but not limited to the Release set forth in the Final Approval Order and Judgment, including Settlement Class Members who have previously initiated or who subsequently initiate any litigation against any or all of the Released Parties relating to the Released Claims. All Settlement Class Members who submit valid and timely Requests for Exclusion from the Settlement Class shall not be entitled to receive any benefits of the Settlement.

17. **Objections and Appearances**. No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court, unless the objection is mailed to Settlement Class Counsel and counsel for Defendant or filed with the Clerk of Court and served concurrently on Class Counsel and counsel for Defendant no later than 60 days after the Notice Date (the "Objection Deadline") as specified in the Settlement Agreement. To be a valid objection, the objection must state: (i) the objector's full name and address; (ii) the case name and docket number – *In re HCA Healthcare, Inc. Data Security Litigation*, Case No. 3:23-cv-00684 (M.D. Tenn.); (iii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of the objector's settlement notice, copy of original notice of the Data Incident, the Class Members' unique ID as displayed on the Notice or obtained from the Settlement Administrator, or a statement explaining why the objector believes they are a Settlement Class Member); (iv) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (v) the identity

of any and all counsel representing the objector in connection with the objection; (vi) a statement whether the objector and/or their counsel will appear at the Final Approval Hearing; and (vii) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (if any) representing them in connection with the objection. To be timely, written notice of an objection in the appropriate form must be mailed, with a postmark date no later than sixty days from the Notice Date to Settlement Class Counsel and HCA's counsel as described in Section 13, *infra*. The objector or their counsel may also file objection with the Court through the Court's ECF system, with service on Settlement Class Counsel and Defendant's Counsel made through the ECF system. For all objections mailed to Settlement Class Counsel and Defendant's Counsel, Settlement Class Counsel will file them with the Court as an exhibit to the Motion for Final Approval.

18. **Termination of Settlement**. This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing as of the date of the execution of the Settlement Agreement, if the Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

19. **Use of Order**. This Order shall be of no force or effect if a Final Approval Order and Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, liability, or the certifiability of any class. Nor shall this Order be construed or used as an admission, concession, or declaration by or against the Settlement Class Representatives or any other

Settlement Class Member that their claim lacks merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claim he, she, or it may have in this litigation or in any other lawsuit.

20. **Stay of Proceedings and Temporary Injunction**. Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Claims against the Released Entities.

21. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

22. **Summary of Deadlines**. The preliminarily approved Settlement shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement Agreement and this Order include but are not limited to:

| Event | Date |
|---|---|
| Settlement Administrator to Provide CAFA Notice Required by 28 U.S.C. § 1715(b) | **Wednesday, May 28, 2025** |
| Defendant to Provide Contact Information for Settlement Class Members to Settlement Administrator | **Friday, May 23, 2025** |
| Notice Date | **Wednesday, June 25, 2025** |
| Postmark Deadline for Request for Exclusion ("Opt-Out") or Objections | **Monday, August 25, 2025** |
| Postmark/Filing Deadline to Submit Claims | **Thursday, September 25, 2025** |
| Deadline for Plaintiffs to file their Motion for Fees, Expenses, and Service Awards | **Monday, August 11, 2025** |

| | |
|---|---|
| Deadline for Plaintiffs to file their Motion for Final Approval | **Monday, October 13, 2025** |
| Final Approval Hearing | **Monday, October 27, 2025 at 9:30 AM (CT) at the Nashville Courthouse** |

**IT IS SO ORDERED** this 14th day of May, 2025.

*s/ Jack Zouhary*
U.S. DISTRICT JUDGE