**Richard Bodor**
3612 Shadycrest Dr
Pearland, TX 77581
rlbodor@gmail.com
404-447-8525

**11 July 2025**

RECEIVED
JUL 16 2025
US DISTRICT COURT
MID DIST TENN

**Clerk of the Court**
United States District Court
Middle District of Tennessee
719 Church St
Nashville, TN 37203

**Re: Objection to Proposed Settlement in HCA Healthcare, Inc. Data Security Litigation, Case No. 3:23-cv-00684 (M.D. Tenn.)**

Your Honorable Judge and Clerk of the Court,

I am writing to formally object to the proposed class action settlement in the matter referenced above. I am a Settlement Class Member. A copy of my Settlement Class Notice is attached to this letter as supporting documentation.

As a class member, I am concerned that the proposed settlement fails to provide meaningful relief to those affected and, more broadly, continues an unsustainable cycle in which corporations face minimal accountability for serious data breaches.

The core of my objection is this: the settlement offers only basic credit monitoring—a remedy that has become the default response to data breaches, regardless of the nature or scale of the harm. In reality, many of us already have credit monitoring through prior settlements, our financial institutions, or paid services. Offering this as the primary relief ignores the fact that many people affected by breaches like this already maintain their own credit monitoring or simply do not need duplicate coverage.

Because I have no need to claim this redundant credit monitoring, the practical result is that I receive no meaningful benefit from this settlement at all—and many class members are likely in the same position. Meanwhile, HCA Healthcare pays very little in actual damages, faces minimal disruption to its operations, and is not meaningfully incentivized to improve its security practices.

Data breaches are becoming disturbingly frequent, and settlements like this one send the wrong message: that companies can repeatedly mishandle sensitive personal information without facing real consequences. If these companies know that the worst outcome is a generic credit monitoring offer and a minor financial outlay, they have no compelling reason to invest in better security.

In conclusion, I respectfully urge the Court to reject the proposed settlement in its current form. A truly fair and adequate resolution would include more meaningful remedies, direct compensation, or enforceable commitments to improve data security standards—*not just another round of recycled credit monitoring offers.*

I do not intend to appear at the final approval hearing.

Sincerely,

Richard Bodor

**Bodor**
3612 Shadycrest Dr.
Pearland, TX 77581

RECEIVED
JUL 16 2025
US DISTRICT COURT
MID DIST TENN

HOUSTON TX RPDC 773
12 JUL 2025 PM 4 L

Clerk of the Court
US District Court
Middle District of Tennessee
719 Church St.
Nashville, TN 37203



forever usa
Endangered
piping plover