UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: HCA HEALTHCARE, INC. DATA SECURITY LITIGATION | Case No. 3:23-cv-00684<br><br>Hon. Jack Zouhary |

**DECLARATION OF J. GERARD STRANCH IV IN SUPPORT OF THE UNOPPOSED MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**

I, Gerard Stranch, am over the age of eighteen years. I offer this declaration in my capacity as one of the attorneys for Plaintiffs Gregory Crossman, Arthur Dekenipp, Mary Elena Del Vecchio, Carina Gutierrez, Kelsey Hinds, J.B. (a minor, through his guardian/mother, J.N.), Deborah Jordan, Gregory Marcisz, Paula Menard, Gary Silvers, Linda Simon, Michael Tighe, Colleen Walters, Jared Terrell Watkins, and Justin Taylor Womack ("Plaintiffs"), in the above-styled action, in support of the Unopposed Motion for Preliminary Approval of the proposed Class Settlement with Defendant HCA Healthcare ("Defendant"). I have personal knowledge of the facts recited in this declaration, and if called upon to testify to the truth of the statements below, I could and would do so.

1. I am a licensed attorney in private practice in the state of Tennessee. The law firm I work for is Stranch, Jennings & Garvey, PLLC.

2. This case arises from a Data Security Incident on Defendant's information systems in which cybercriminals stole the sensitive personally identifiable information ("PII") and protected health information ("PHI") of the putative class members. Plaintiffs allege that Defendant failed to adequately protect Plaintiffs and the Class Members' sensitive data and are liable to the Plaintiffs and the Class for the harms caused by Defendant's failures.

3. The proposed Class is made up of about 11 million individuals, who meet the Class

definition: all current HCA patients residing in the United States whose personal information was compromised in the Data Incident.

4. In total, plaintiffs filed 27 class actions related to the same Data Security Incident, which were then consolidated into the present action.

5. On December 20, 2023, the Court appointed myself, J. Gerard Stranch, IV, as co-lead along with Jean S. Martin of Morgan & Morgan Complex Litigation Group.

6. In the months that followed, the Parties exchanged informal discovery and then engaged in an arms'-length mediation with Robert A. Meyer, Esq. of JAMS. The mediation occurred on February 19, 2025.

7. The mediation was a success and resulted in the Settlement Agreement proposed here and is a Settlement that Class Counsel believes strongly in given the data at issue in the case, the extensive interviews with Plaintiffs, Counsel's case law research, the Court's order on the motion to dismiss, and based on Counsel's significant experience and understanding of data breach litigation generally. Following the mediation, the Parties drafted the proposed Settlement Agreement and worked together to finalize negotiations regarding particular language and details.

8. This Class Settlement was reached after significant research and investigation into the relevant facts and applicable law, including all relevant documents and data, and is the result of vigorous arms'-length negotiations while—armed with informal discovery—between the Parties. Plaintiffs have diligently prosecuted this action on behalf of the Class and there is no evidence of any collusion among the Parties, nor could there be in this case.

9. Following preliminary approval, the Parties worked with Kroll to ensure the notice program was carried out in accordance with the Court's order granting preliminary approval.

10. Plaintiffs have demonstrated that they are well-suited to represent the Settlement

Class. They have been involved from the beginning—researching and choosing Class Counsel with vast experience in data breach litigation—and have participated in the matter whenever needed, including by providing information necessary to draft the complaint, by participating in subsequent litigation needs and settlement discussions, and by providing significant documents and engaging in interviews with Class Counsel. Plaintiffs here kept in contact with Counsel and were at all times available for calls or emails to discuss the case, including regarding the settlement and its terms. Indeed, Plaintiffs put their names and reputations into the public record to secure this result for the Class, which would not have been possible without their efforts.

11. For their efforts, Counsel negotiated $5,000 Service Awards for each Class Representative, which is in line with similar such awards in cases that require involvement from the Class Representatives.

12. In exchange for a release of their claims arising out of the Data Incident, Class Members may make claims for a year of credit monitoring services or seek reimbursement for expenses already incurred as a result of the Data Incident up to $5,000 per Class Members.

13. Though credit monitoring services range in value, the cheapest Class Counsel could find was $8.95 per month, or $107.40 per year. Even if only three percent of Class Members make a claim for credit monitoring services, the value to the Class would be $35,442,000. Based solely on credit monitoring, the value to the Class would make Counsel's fee request only 8.75%.

14. Likewise, though all Class Members can seek reimbursement for expenses up to $5,000, even if only one-half percent made a claim for only $500, the value to the Class would be $27,500,000.

15. Moreover, all Class Members benefit from substantial business practice changes by Defendant regardless of whether they make claims. These business practice changes, in the form

of cybersecurity enhancements, are believed to be valued in the millions—though Defendant has not provided an exact valuation. The cost of these enhancements will be completely paid for by Defendant separately from Class Member benefits.

16. The fees, expenses, and Service Awards sought in this motion were negotiated as part of the Settlement during mediation, though such negotiations did not begin until after the Parties had agreed to the terms of Class Members' direct benefits.

17. Class Counsel believes the fees and Service Awards sought in this motion are reasonable given the significant effort required to litigation this action. Indeed, Class Counsel spent significant time and resources litigation this action rather than other matters, and all that effort was done on a purely contingent basis.

18. Class Counsel incurred significant expenses that have not been reimbursed. These include filing fees, service and postage costs, expert and investigative expenses (including dark web searching), *pro hac vice* applications, and mediation costs, among others. In total, Class Counsel incurred unreimbursed expenses of $67,013.60.

| Expenses | |
|---|---|
| **Firm** | **Amount** |
| Stranch, Jennings & Garvey | $10,861.48 |
| Morgan & Morgan | $24,120.08 |
| Tycko & Zavareei LLP | $1,422.22 |
| Milberg | $4,021.62 |
| Stueve Siegel Hanson | $17,934.62 |
| KO Lawyers | $7,182.12 |
| Hausfeld LLP | $475.15 |
| The Arnold Law Firm | $989.01 |
| Emerson Firm | $7.30 |
| TOTAL: | $67,013.60 |

19. Class Counsel has spent significant time and effort litigation this action, interviewing clients and potential clients, investigating with experts the complicated and technical factual background of this action, and investigating and researching the myriad legal issues

surrounding the claims and defenses presented in this action. In total, Counsel has incurred fees of $1,822,371.50.

20. That is a multiplier of 1.64. ($3,100,000 / 1,822,371.50 + 67,013.60) = 1.64075.)

21. Before filing the instant motion, Class Counsel review all records of Plaintiffs' counsel who submitted their time.

22. The below chart shows the time reported by each firm:

| Firm | Hours | Amount | Blended Rate |
|---|---|---|---|
| Stranch, Jennings & Garvey, PLLC | 428.6 | $463,717.90 | $1,081.94 |
| Morgan & Morgan Complex Litigation | 369.4 | $331,924.50 | $898.55 |
| Tycko & Zavareei LLP | 269.9 | $218,197.70 | $808.44 |
| DiCello Levitt | 8.3 | $8,731.00 | $1,051.93 |
| Milberg | 221.5 | $152,896.30 | $690.28 |
| Stueve Siegel Hanson | 302.5 | $247,187.50 | $817.15 |
| KO Lawyers | 210.4 | $184,387.50 | $876.37 |
| Hausfeld LLP | 19.5 | 16,606.00 | $851.59 |
| The Arnold Law Firm | 29.1 | 29,665.60 | $1,019.44 |
| Emerson Firm | 150.9 | 158,445.00 | $1,050.00 |
| Tadler Law | 10.4 | $10,612.50 | $1,020.43 |
| TOTAL: | 2,020.50 | $1,822,371.50 | |

23. These rates are typical among Plaintiffs' firm in complex litigation. Indeed, the rates charged by Stranch, Jennings & Garvey, PLLC are the same as the rates charged to the firm's hourly paying clients.

24. The time class counsel spent in litigating this case included all the traditional requirements of litigation—including research into the claims and defenses presented, discovery motion practice, and Rule 12 motion practice—but it also included significant time and effort investigating the Data Incident and working with experts to search the dark web for information related to the Data Incident and its potential effects and underlying causes. This was in addition to the initial research, investigations, and complaint drafting performed by every firm who filed case.

25. Moreover, Class Counsel spent significant time and effort preparing for mediation,

reviewing pre-mediation informal discovery, and conducting pre-mediation negotiations with Defendant's counsel to narrow the scope of the mediation and bring the Parties closer to a successful mediation.

26. Still further, the case does not end with the instant motion. Counsel will continue to have significant work requirements, including preparing for final approval, drafting the final approval motion, attending the final approval hearing, responding to class member inquiries, and working with Defendant and the Settlement Administrator to ensure the proper distribution of Class Member benefits.

27. Both sides in this litigation are represented by highly competent counsel. Indeed, Class Counsel are well qualified to represent the Settlement Class, as they possess significant experience leading the prosecution of complex class action matters, including hundreds of data breach class actions all over the country. Class Counsel's significant experience has afforded them and the attorneys at the two firms' data breach teams deep knowledge of the claims and defense common in data breach litigation. Class Counsel has a wealth of experience litigating and settling cases of this type and have diligently and efficiently investigated and prosecuted this action, dedicated substantial resources toward the endeavor, and have successfully and fairly negotiated the Settlement Agreement for the benefit of all Class Members.

I make the above statements under penalty of perjury under the laws of the State of Tennessee.

Respectfully submitted and signed this 11th day of August, 2025, at Nashville, Tennessee.

*/s/ J. Gerard Stranch, IV*  
J. Gerard Stranch, IV
