IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

Case No. 3:23 CV 684

IN RE: HCA HEALTHCARE, INC.
DATA SECURITY LITIGATION

FINAL APPROVAL OF
<u>CLASS SETTLEMENT</u>

JUDGE JACK ZOUHARY

This Order addresses Plaintiffs' Unopposed Motion for Final Approval of the Class Action Settlement (Doc. 186). This Court held a hearing on October 27, 2025. Counsel present: Gerard Stranch, Grayson Wells, Jean Martin, and Jeff Ostrow for Plaintiffs. Andy Clubok, Brad Baglien, Brantley Phillips, Kathryn Hays, Kathryn Walker, Marissa Alter-Nelson, Melange Gavin and Melanie Blunschi for Defendant. (Court Reporter: Stacey Kiprotich). This Court reviewed all supporting papers and now approves the Class Settlement upon the terms and conditions set forth in this Final Approval.

This Court finds the Settlement is approved as being fair, reasonable, adequate and in the best interests of the Settlement Class.

The Settlement does not constitute an admission of liability by Defendant, and this Court expressly does not make any finding of liability or wrongdoing by Defendant. For the purposes of this Final Approval, this Court adopts the defined terms as set forth in the Settlement Agreement for any term not otherwise defined.

This Court previously approved the Notice to the Settlement Class and provisionally certified a Settlement Class (Doc. 180), this Court certified the Settlement Class, pursuant to Federal Civil Rules 23(b)(3) and 23(e), for settlement purposes only, defined as: "All current HCA patients residing

in the United States whose personal information was compromised in the Data Incident." The Settlement Class specifically excludes: "(i) HCA's officers, directors, legal representatives, successors, subsidiaries, and assigns; and (ii) any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff."

The Court, having reviewed the terms of the Settlement Agreement submitted by the parties pursuant to Federal Civil Rule 23(e), grants final approval of the Settlement Class; finds that the terms of the Settlement Agreement are fair, reasonable, and adequate, and meets the requirements of Federal Civil Rule 23; and finds the notice program afforded appropriate due process, with a reach of 90%.

The Parties, their respective attorneys, and the Settlement Administrator are now directed to consummate the settlement pursuant to the terms of the Settlement Agreement.

Notice of the Final Approval Hearing and the Plaintiffs' Motion for Attorneys' Fees and Service Awards have been provided to Settlement Class Members as directed by this Court, and a Declaration of the Settlement Administrator's compliance with the Notice Program has been filed with this Court (Doc. 186-1).

This Court finds that such Notice constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Federal Civil Rule 23(c)(2). The notice program was reasonably calculated to, and did, provide due and sufficient notice to the Settlement Class of: the pendency of this case; certification of the Settlement Class for settlement purposes only; the existence and terms of the Settlement Agreement; their rights to object to and appear at the Final Approval Hearing or to exclude themselves from the settlement; and satisfied all legal requirements.

This Court readopts and incorporates by reference its preliminary conclusions as to the satisfaction of the Federal Civil Rule 23(a) and (b)(3) set forth in the Preliminary Approval Order (Doc. 180). This Court notes that because this certification of the Settlement Class is in connection with

2

the Settlement Agreement rather than litigation, this Court need not address any issues of manageability that may be presented by certification of the Settlement Class in the Settlement Agreement.

As of the final date of the Opt-Out Deadline, 35 Settlement Class Members have submitted timely and valid requests for exclusion from the Settlement Class, as attached to the Kroll Declaration as Exhibit G (Doc. 186-1 at 39). Those persons are not bound by this Final Approval. Two valid objections were filed by Settlement Class Members.

The Settlement Administrator shall implement this settlement in the manner and time frame as set in previous filings. Plaintiffs and the Settlement Class Members are deemed to have completely and unconditionally released, forever discharged, and acquitted the Released Parties from all Released Claims, including Unknown Claims, as set forth and defined in the Settlement Agreement. Plaintiffs and Settlement Class Members are further barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, the Released Claims. The full terms of the Releases are set forth in the Settlement Agreement, and the Releases are approved and incorporated by reference.

Released Claims shall not include the right of any Settlement Class Member or the Released Parties to enforce the terms of the settlement contained in the Settlement Agreement, and shall not include the claims of those persons identified in Exhibit G to the Kroll Declaration (*id.*) -- who have timely and validly requested exclusion from the Settlement Class.

Upon the Effective Date, each Settlement Class Member who did not timely and validly exclude themselves from the settlement, shall be deemed to have fully, finally, and forever released, relinquished, and discharged all Released Claims as against all Released Parties. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member who has not timely and validly excluded themself from the Settlement, including Plaintiffs, shall, either directly,

3

Case 3:23-cv-00684   Document 191   Filed 10/29/25   Page 3 of 6 PageID #: 2275

indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in this settlement as provided above) in which any of the Released Claims is asserted.

Upon the Effective Date, Defendant shall be deemed to have, and by operation of the Final Approval shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, each and all of the Settlement Class Members, and Settlement Class Counsel of all claims based on or arising out of the institution, prosecution, assertion, settlement, or resolution of this Class Action or the Released Claims, except for enforcement of the Settlement Agreement and except as to Settlement Class Members who submitted a timely and valid Request for Exclusion from the settlement.

This Court affirms its appointment of Plaintiffs as Class Representatives. This Court concludes that the Class Representatives have fairly and adequately represented the Settlement Class and will continue to do so. The Court affirms its appointment of J. Gerard Stranch, IV of Stranch, Jennings & Garvey, PLLC and Jean Martin of Morgan & Morgan Complex Litigation Group as Settlement Class Counsel.

This Final Approval of all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendant of any claim, any fact alleged in this consolidated Class Action, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendant or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in this Class Action. All acts, statements, documents, or proceedings relating to the Settlement Agreement, including this Final Approval, shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs, any Settlement

4

Class Member, or any other person has suffered any damage; provided, however, that the Settlement Agreement and this Final Approval may be filed in any action by Defendant, Settlement Class Counsel, or Settlement Class Members seeking to enforce the Settlement Agreement or this Final Approval (including, but not limited to, enforcing the releases). The Settlement Agreement and this Final Approval shall not be construed or be deemed admissible as an admission by Defendant that Plaintiffs' claims or any claims that were or could have been asserted in this consolidated Class Action are suitable for class treatment or any other litigation purpose. The Settlement Agreement terms shall be forever binding on, and shall have res judicata, collateral estoppel, and all other preclusive effect in all pending and future causes of action, claims for relief, suits, demands, petitions, lawsuits, or other challenges or proceedings as to released claims and other prohibitions set forth in this Final Approval that are maintained by, or on behalf of, any Settlement Class Member or any other person subject to the provisions of this Final Approval and other previous orders.

If the Effective Date does not occur for any reason, this Final Approval and the Preliminary Approval shall be deemed vacated, and shall have no force and effect whatsoever; the Settlement Agreement shall be considered null and void; all of the Parties' obligations under the Settlement Agreement, the Preliminary Approval, and this Final Approval, and the terms and provisions of the Settlement Agreement, shall have no further force and effect with respect to the Parties and shall not be used in this consolidated Class Action or in any other proceeding for any purpose; and any judgment or order entered by this Court in accordance with the terms of the Settlement Agreement shall be treated as vacated nunc pro tunc, and the Parties shall be restored to their respective positions, as if the Parties never entered into the Settlement Agreement (without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue). In such event, the Parties will jointly request that all scheduled litigation deadlines be reasonably extended by this Court so as to avoid undue prejudice.

5

Case 3:23-cv-00684    Document 191    Filed 10/29/25    Page 5 of 6 PageID #: 2277

Without affecting the finality of this Final Approval, this Court retains jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes.

This Final Approval is a final Order of Judgment and resolves all claims against all parties. This case is dismissed **with prejudice** on the merits, with each side to bear its own costs and attorney fees, except as provided under the terms of the Settlement Agreement and other record filings.

IT IS SO ORDERED.

                                       s/ *Jack Zouhary*
                                       JACK ZOUHARY
                                       U. S. DISTRICT JUDGE

                                       October 29, 2025